**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SWAROVSKI OPTIK NORTH AMERICA LIMITED,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>IBUY GROUP LLC f/k/a VALOR GROUP LLC; *and* IBUY DISTRIBUTION LLC f/k/a F & E TRADING LLC d/b/a 6th AVE ELECTRONICS,<br><br>　　　　　　　　　Defendants. | CIVIL ACTION NO.: 3:23-CV-01210-GC-TJB<br><br>Hon. Georgette Castner U.S.D.J.<br>Hon. Tonianne J. Bongiovanni U.S.M.J.<br><br>**Motion Return Date: June 5, 2023**<br><br>**Oral Argument Requested** |

**DEFENDANTS IBUY GROUP LLC F/K/A VALOR GROUP LLC AND IBUY DISTRIBUTION LLC F/K/A F & E TRADING LLC D/B/A 6TH AVE ELECTRONICS' BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Alexa A. D'Angelo
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111-0100
Telephone: 212.589.4200
Email: adangelo@bakerlaw.com

Kevin W. Kirsch (*Pro Hac Vice Forthcoming*)
Nicholas A. Cordova (*Pro Hac Vice Forthcoming*)
**BAKER & HOSTETLER LLP**
200 Civic Center Drive, Ste. 1200
Columbus, OH 43215
Telephone: 614.462.2673
Email: kkirsch@bakerlaw.com
Email: ncordova@bakerlaw.com

*Attorneys for Defendants*

```
```
**TABLE OF CONTENTS**

**TABLE OF CONTENTS**

I.   INTRODUCTION .................................................................................................. 1

II.  LEGAL STANDARD ........................................................................................... 2

III. ARGUMENT ......................................................................................................... 3

  A. Plaintiff Lacks Standing to Assert Trademark Infringement ............................. 3

  B. The "First Sale Doctrine" Blesses All Contested Sales ...................................... 5

    1. This Is Not A "Gray Market Goods" Case ..................................................... 6

    2. The Products Pass the "Material Differences" Test ....................................... 7

      a. A California Proposition 65 Sticker is Immaterial ..................................... 8

      b. The Pleadings Allege No Difference Between Applicable Warranties ...... 9

  C. The Allegations Belie the False Advertising Claim ......................................... 10

  D. The State Law Claim Duplicates the False Advertising Claim and Fails
     for the Same Reasons ........................................................................................ 12

IV. CONCLUSION .................................................................................................... 13

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................................. 3, 8, 9

*In re Burlington Coat Factory Sec. Litig.*,
  114 F.3d 1410 (3d Cir. 1997) ............................................................................................ 3

*Iberia Foods Corp. v. Romeo*,
  150 F.3d 298 (3d Cir. 1998) ................................................................................... 5, 6, 8, 9

*Lever Bros. Co. v. United States*,
  877 F.2d 101 (D.C. Cir. 1989) .......................................................................................... 7

*Monte Carlo Shirt, Inc. v. Daewoo Int'l (Am.) Corp.*,
  707 F.2d 1054 (9th Cir. 1983) .......................................................................................... 7

*Nat. Footwear Ltd. v. Hart, Schaffner & Marx*,
  760 F.2d 1383 (3d Cir. 1985) ............................................................................................ 4

*Nat'l Football League Props., Inc. v. New Jersey Giants, Inc.*,
  637 F. Supp. 507 (D.N.J. 1986) ...................................................................................... 12

*Par Pharm., Inc. v. Luitpold Pharms., Inc.*,
  No. 16CV02290WHWCLW, 2017 WL 452003 (D.N.J. Feb. 2, 2017) ......................... 4, 5

*Phillips v. Cnty. of Allegheny*,
  515 F.3d 224 (3d Cir. 2008) .......................................................................................... 2, 3

*Pitney Bowes, Inc. v. ITS Mailing Sys., Inc.*,
  No. CIV.A. 09-05024, 2010 WL 1005146 (E.D. Pa. Mar. 17, 2010) ............................ 3, 4

*Shirley May Int'l US Inc. v. Marina Grp. LLC.*,
  No. 221CV19951BRMMAH, 2022 WL 17622066 (D.N.J. Dec. 13, 2022) ..................... 4

*Societe Des Produits Nestle v. Casa Helvetia*,
  982 F.2d 633 (1st Cir. 1993) ............................................................................................. 7

*Summit Tech. v. High-Line Med. Instruments*,
  922 F. Supp. 299, 302 (C.D. Cal. 1996) ........................................................................ 6, 7

*TechnoMarine SA v. Jacob Time, Inc.*,
  905 F. Supp. 2d 482 (S.D.N.Y. 2012) .......................................................................... 8, 10

*Tr Worldwide Phillyfood, LLC v. Tony Luke, Inc*,
   No. CV 16-1185 (RBK/JS), 2017 WL 396539 (D.N.J. Jan. 30, 2017) .................................3, 4

*Warner Bros. Ent. Inc. v. Random Tuesday, Inc.*,
   No. LACV2002416JAKPLAX, 2020 WL 12762735 (C.D. Cal. Nov. 9, 2020) .......................3

**Statutes**

N.J.S.A. §§ 56:8-1 .............................................................................................................1, 12

Plaintiff SWAROVSKI OPTIK North America Limited ("Plaintiff" or "SWAROVKSI OPTIK") pleads that Defendants lawfully purchase SWAROVKSI OPTIK products abroad and resells them in the United States. Trademark law's "first sale doctrine" makes Defendants' conduct legal and, what is more, the pleadings show SWAROVSKI OPTIK does not own the only trademark their pleadings identify. Because the facts pleaded show SWAROVSKI OPTIK lacks standing to bring its trademark infringement claim, and do not establish a false advertising or deceptive trade practices claim, this Court should dismiss the Complaint.

**I.      INTRODUCTION**

On March 2, 2023, Plaintiff filed its Complaint, concluding that its factual allegations state trademark infringement and false advertising claims under the Lanham Act (Count I) and a deceptive trade practices claim under N.J.S.A. §§ 56:8-1, *et seq.* (Count II). Plaintiff requests damages, cost, fees, and interest, as well as an injunction against Defendants' purchase or sale of SWAROVSKI OPTIK products.

In the Complaint, Plaintiff SWAROVSKI OPTIK alleges that it "develops, manufactures, and sells a variety of binoculars and spotting scope products and accessories under the SWAROVKSI OPTIK brand name." Compl. ¶ 9.[1] The term SWAROVSKI OPTIK also is a United States registered trademark, number 5,836,773. Compl. ¶ 12. Some SWAROVSKI OPTIK brand products, those that Plaintiff "intended for resale into the North American market" are covered by Plaintiff's "North American Warranty." Compl. ¶ 19. Other SWAROVSKI OPTIK brand products, those that Plaintiff "intended for resale to international markets" are covered by Plaintiff's international warranties. Compl. ¶ 33.[2] SWAROVSKI OPTIK places a California

---

[1] Defendants do not admit to any of the allegations in the Complaint, but merely cite to such allegations throughout this brief.
[2] The Complaint neither identifies any difference between these warranties, nor alleges that resale voids the warranties.

1

Proposition 65 sticker on those of its products intended for resale in North America but does not place a California Proposition 65 sticker on those of its products intended for resale in international markets outside North America. Compl. ¶ 37.

Defendants purchase genuine SWAROVSKI OPTIK brand products that Plaintiff manufactured, according to the Complaint (the pleading being that Defendants obtain "SWAROVKSI OPTIK Products from international resellers and distributors," and resell them online, including "to United States consumers."). Compl. ¶ 28. Defendants market these products as "'new' SWAROVSKI OPTIK Products on Amazon.com," Compl. ¶ 42, and "brand-new" "SWAROVSKI OPTIK Products on eBay.com." Compl. ¶ 48.

The Complaint contains no allegations that these products are not SWAROVSKI OPTIK products, nor that the products are not delivered unaltered, as-manufactured, and in the original packaging SWAROVSKI OPTIK placed them in.

The Complaint contains pictures of Defendants' advertisements of SWAROVSKI OPTIK products on Amazon.com, eBay.com, and other websites. As is self-evident, not one of these advertisements has any representation by Defendants that SWAROVKSI OPTIK intended North American resale of the products Defendants offer. Compl. ¶ 27. The Complaint also contains no allegation that any United States consumer ever complained about being misled into believing that Plaintiff intended North American resale of the SWAROVKSI OPTIK products Defendants offer. *See* Compl. ¶¶ 58–59.

## II.   LEGAL STANDARD

When considering a Motion to Dismiss, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to the Plaintiff. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). However, "[t]hreadbare recitals of the

2

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). "Furthermore, the Court also considers any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citations omitted). The Court should grant a Motion to Dismiss when it appears from the Complaint "that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Phillips*, 515 F.3d at 230.

### III.   ARGUMENT

#### A.   Plaintiff Lacks Standing to Assert Trademark Infringement

The court should dismiss the trademark infringement claim because SWAROVSKI OPTIK, as neither owner nor licensed-user of the only trademark it pleads, lacks standing to bring a claim for infringement of that trademark. Plaintiff alleges only registered trademarks are at issue and identifies only one—a U.S. trademark bearing Registration Number 5,836,773. Compl. ¶ 12. This is the only trademark properly pleaded, because "where Plaintiff seeks to enforce common-law and registered trademarks," the Complaint, "must identify every trademark that has been infringed." *Warner Bros. Ent. Inc. v. Random Tuesday, Inc.*, No. LACV2002416JAKPLAX, 2020 WL 12762735, at *5 (C.D. Cal. Nov. 9, 2020) (citations omitted); *see also Pitney Bowes, Inc. v. ITS Mailing Sys., Inc.*, No. CIV.A. 09-05024, 2010 WL 1005146, at *4 (E.D. Pa. Mar. 17, 2010) (dismissing Lanham Act trademark infringement claim for lack of standing because "Plaintiff, moreover, has failed to specify any particular third-party marks allegedly infringed, or to assert sufficient ownership interest in such marks").

To have standing to claim infringement of that mark, Plaintiff must be the registered owner or have a contractual right to sue on it. *Tr Worldwide Phillyfood, LLC v. Tony Luke, Inc*, No. CV 16-1185 (RBK/JS), 2017 WL 396539, at *2–4 (D.N.J. Jan. 30, 2017) (dismissing for lack of

3

standing, non-exclusive licensee's trademark infringement claim because the Lanham Act's text limits "standing to assert a claim of trademark infringement to … the registrant and its legal representative, predecessors, successors and assigns"); *Pitney Bowes*, 2010 WL 1005146, at *4 ("While Lanham Act § 43(a)(1)(A) does not explicitly require that the plaintiff be the owner of a protectable mark, there is no other way that the requisite likelihood of confusion, deception or mistake can occur.") (quoting McCarthy on Trademarks § 27:13)).

But the Complaint's allegations show SWAROVKSI OPTIK is not the owner of U.S. trademark number 5,836,773, and the Complaint does not assert that SWAROVSKI OPTIK is the owner's licensee.[3]

First, SWAROVSKI OPTIK does not own U.S. trademark number 5,836,773. United States Patent and Trademark Office ("PTO") records show that "D. Swarovski KG," not SWAROVSKI OPTIK, owns this mark, Exhibit A, and the Court may consider these records without converting this Motion into one for Summary Judgment. *Par Pharm., Inc. v. Luitpold Pharms., Inc.*, No. 16CV02290WHWCLW, 2017 WL 452003, at *4 (D.N.J. Feb. 2, 2017) (acknowledging that "the Court may consider the file histories of the Patents-in-Suit" on a Motion to Dismiss, and citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.3d 1192, 1196 (3d Cir. 1993); *Mele v. Federal Reserve Bank of N.Y.*, 359 F.3d 251, 256 n.5 (3d Cir. 2004)

---

[3] SWAROVSKI OPTIK alleges it has "acquired common law rights in the use of the" registered marks. Compl. ¶ 15. That is irrelevant because the Lanham Act does not permit mere common law rights holders to sue for infringement of a registered mark. *Tr Worldwide Phillyfood, LLC*, 2017 WL 396539, at *2–4; *Shirley May Int'l US Inc. v. Marina Grp. LLC.*, No. 221CV19951BRMMAH, 2022 WL 17622066, at *7 (D.N.J. Dec. 13, 2022) (dismissing claim "for Federal Common Law Trademark infringement" of a registered mark because "no such cause of action exist[s]"). Besides, Plaintiff's allegation is a legal impossibility, as common law rights can arise only before a mark is registered, and SWAROVSKI OPTIK does not allege that it used the mark extensively enough to create common law rights *before* registration. *See Nat. Footwear Ltd. v. Hart, Schaffner & Marx*, 760 F.2d 1383, 1395 (3d Cir. 1985) ("[A] federal registrant has the right to use the trademark in commerce except to the extent that such use infringes what valid right the defendants have acquired by their continuous use of the same mark prior to plaintiffs' federal registration.") (internal quotation marks and citations omitted).

(further citations omitted)). Moreover, when such records contradict allegations in a complaint, the records control. *Id.* (citing *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 n.8 (3d Cir. 1994)).

Lacking ownership, that leaves SWAROVSKI OPTIK with only one other option for standing—the contract right option—but the Complaint does not allege that SWAROVSKI OPTIK has any contractual rights in the mark. Resultingly, the Complaint fails to allege SWAROVSKI OPTIK has standing to sue for Lanham Act trademark infringement, so the Court should dismiss its infringement claim for lack of subject matter jurisdiction.

**B.      The "First Sale Doctrine" Blesses All Contested Sales**

Even if SWAROVSKI OPTIK had standing for its trademark infringement claim, the claim still fails under the "first sale doctrine." "According to the 'first sale' or 'exhaustion' doctrine, a trademark owner's authorized initial sale of its product into the stream of commerce extinguishes the trademark owner's rights to maintain control over who buys, sells, and uses the product in its authorized form." *Iberia Foods Corp. v. Romeo*, 150 F.3d 298, 301 n.4 (3d Cir. 1998) (citing *Sebastian Int'l, Inc. v. Longs Drug Stores Corp.,* 53 F.3d 1073, 1076 (9th Cir.1995)). Here, Plaintiff alleges only that Defendants acquire through authorized sales, goods that Plaintiff itself manufactured, and then Defendants resell them. Such conduct is legal under the "first sale doctrine," so Plaintiff's trademark infringement claim fails as a matter of law.

An exception to the "first sale doctrine" applies in some "gray goods" cases, that is, cases where "holders of United States trademarks affixed to products manufactured abroad … [invoke] the Lanham Act as a means of preventing the sales of inferior parallel imports." *Id.* at 302 (citations omitted). This exception applies when "the products sold by the alleged infringer are not 'genuine,'" which requires the plaintiff to show that "there are 'material differences' between the products sold by the trademark owner and those sold by the alleged infringer." *Id.* at 302–03 (citations omitted). If there are no "material differences" between the products, then the gray

5

market goods are "genuine," and the claim fails. *Id.* at 303. Because this case involves no "gray market goods," the Court need not apply the "material differences" test. But because the goods at issue are not "gray market goods," they pass the "material differences" test even if the Court applies it. The conclusion is the same however the Court chooses to analyze Plaintiff's infringement claim: the "first sale doctrine" requires dismissal.

1. **This Is Not A "Gray Market Goods" Case**

The allegations show the goods at issue are not "gray goods." According to Plaintiff, the products Defendants sell are SWAROVKSI OPTIK products. Compl. ¶ 25. Those SWAROVSKI OPTIK products that Defendants sell are "intended for resale to international markets." Compl. ¶ 2. The analysis in a factually similar case illuminates why these allegations do not present a "gray market" situation. In *Summit Technology v. High-Line Medical Instruments*, Summit, a U.S. trademark holder, sued an arbitrager that purchased Summit products designed and intended for international sale and resold them in the United States. 922 F. Supp. 299, 302 (C.D. Cal. 1996). The Court dismissed Summit's trademark claims, reasoning that "under this 'first sale' doctrine, Summit simply cannot control the downstream distribution of products it originally sold in foreign markets." *Id.* at 311.

It did not matter that the arbitraged products "may have 'material' differences" from goods intended for domestic sale because "Summit admits that all of the [products] in question are manufactured and distributed by Summit *itself*, not by any foreign manufacturer." That meant "they are all genuine Summit manufactured products—none are 'gray market' goods." *Id.* at 310. Because these products were admittedly genuine, the "material differences" exception to the "first sale" doctrine had no application. *Id.*

"Nor should it," as the Court explained:

6

> Underlying the "gray market" cases is the concern that consumers will be deceived by lesser quality goods manufactured by foreign licensees of the U.S. trademark holder. In most of these cases, the U.S. trademark holder does not have direct control over the manufacture or initial distribution of the goods in question. Rather, the U.S. trademark holder is subjected to competition from imported goods made and initially distributed by a foreign affiliated corporation with a foreign trademark (as in *Lever*),[4] or initially made and distributed in a foreign market by a foreign licensee (as in *Nestle*).[5] The U.S. trademark holder has no direct control over the manufacture, quality, or initial distribution of the products.

*Id.* When, by contrast, the U.S. trademark holder does directly control these aspects, none of those concerns exist. *Id.* The U.S. trademark holder, having chosen "to price its goods differently, or manufacture different goods for different countries, [] cannot look to the Lanham Act to protect its domestic market." *Id.* (citing *NEC Elecs. v. Cal Circuit Abco,* 810 F.2d 1506, 1509 (9th Cir.), *cert. denied,* 484 U.S. 851 (1987)); *see also Monte Carlo Shirt, Inc. v. Daewoo Int'l (Am.) Corp.*, 707 F.2d 1054, 1058 (9th Cir. 1983) (granting summary judgment on trademark infringement claim because disputed products "were not imitations of Monte Carlo shirts; they were the genuine product, planned and sponsored by Monte Carlo … . Their source was Monte Carlo; the absence of Monte Carlo's authorization of the discount retailers to sell does not alter this.").

Here, because SWAROVSKI OPTIK has not alleged that it does not manufacture and initially distribute the products Defendants sell, SWAROVSKI OPTIK has not pleaded a "gray goods" case. Accordingly, this case requires a straightforward application of the "first sale doctrine" and dismissal of the trademark infringement claim.

### 2. The Products Pass the "Material Differences" Test

Even if the Court considers the genuine SWAROVKSI OPTIK products at issue "gray goods," the pleadings identify no "material differences," so the "first sale" doctrine still requires

---

[4] *Lever Bros. Co. v. United States*, 877 F.2d 101 (D.C. Cir. 1989).
[5] *Societe Des Produits Nestle v. Casa Helvetia,* 982 F.2d 633 (1st Cir. 1993).

the infringement claim's dismissal. To be "material" a difference must be "likely to damage the goodwill developed by the trademark owner." *Iberia Foods Corp. v. Romeo*, 150 F.3d 298, 304 (3d Cir. 1998). SWAROVSKI OPTIK pleads at multiple points in the Complaint conclusory statements that the SWAROVSKI OPTIK Products intended for international markets are materially different than the SWAROVSKI OPTIK North American Products (*see, e.g.*, ¶¶ 2, 38, 40, 41) but it does not allege a single difference between the actual scopes or binoculars being sold. Mere conclusory statements do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

Instead, the only specific alleged difference SWAROVKSI OPTIK pleads is that its products intended for sale in North America "have different product packaging and legal disclaimers than" its products intended for international markets. Compl. ¶ 35. It elaborates that the former come with a leaflet explaining the warranty, SWAROVSKI OPTIK's contact information, and "a free SWAROVSKI OPTIK decal sticker." Compl. ¶ 36. But the Complaint does not allege that the products it intended for sale outside North America come without equivalents, or that the absence of any or all of these would harm Plaintiff's goodwill. Compl. ¶ 36. Such allegations would have been insufficient anyway, because these trivial packaging features are immaterial. *See TechnoMarine SA v. Jacob Time, Inc.*, 905 F. Supp. 2d 482, 486 (S.D.N.Y. 2012) (confirming no material differences in allegations that watch sold on website "'was not intended for sale and distribution in the United States,' was missing the 'tags and labelling … which accompany genuine TechnoMarine watches,' [and] is missing 'the standard warranty card'").

### a. A California Proposition 65 Sticker is Immaterial

The next paragraph does better by alleging that, unlike the initially North America-bound products, those Defendants sell do "not have a California Proposition 65 disclaimer sticker."

Compl. ¶ 37. The Complaint also concludes that the missing sticker causes "damage to SWAROVSKI OPTIK's goodwill and reputation," Compl. ¶ 61, but alleges no facts showing how that harm occurs or is likely to occur, as *Iberia Foods* demands.[6]

SWAROVSKI OPTIK argues that, without the sticker "consumers … may not be aware of potential health risks." Compl. ¶ 60. But SWAROVSKI OPTIK, as the admitted manufacturer of these products, cannot seriously contend that its scopes and binoculars cause cancer (and, in any event, should be estopped from so arguing).

The same implausibility troubles the allegation that the sticker's absence "creat[es] product liability exposure for SWAROVSKI OPTIK." Compl. ¶ 61. Without any alleged facts to show that SWAROVSKI OPTIK has or is likely to be sued for carcinogenic eyepieces, this "mere conclusory statement" does not suffice to state a material difference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Moreover, SWAROVSKI OPTIK could eliminate any liability risk that might exist by placing a Proposition 65 sticker on all the products it manufactures. Finally, even if a missing sticker plausibly subjected SWAROVSKI OPTIK to products liability claims, that would only be true of products Defendants sell to California, where Proposition 65 applies. Products Defendants sell to the other forty-nine states and territories would still pass the "material differences" test, so damages would be limited to California sales.

        b.    *The Pleadings Allege No Difference Between Applicable Warranties*

SWAROVSKI OPTIK alleges that those of its products that Defendants sell are not covered by the SWAROVSKI OPTIK North American warranty, *see, e.g.*, Compl. ¶¶ 20, 34, 44–

---

[6] The Complaint also alleges that the SWAROVKSI OPTIK products Defendants sell "do not comply with applicable state and federal regulations," Compl. ¶ 61, but never identifies any regulations besides Proposition 65.

9

46, but also that they *are* covered by the SWAROVSKI OPTIK warranties for the geographic areas the products originally went to, Compl. ¶ 33.[7] Further, SWAROVSKI OPTIK does not allege that these international warranties offer different terms than the North American warranties or are voided by Defendants' selling them into the United States. Because there are no such allegations, Plaintiff has identified no "material" differences in warranty coverage. *See TechnoMarine SA*, 905 F. Supp. 2d at 491–93 (finding no material difference with no allegations that manufacturer's warranty was void or diluted). That means the Complaint contains no allegations that would allow the Court to decline applying the "first sale doctrine" to dismiss Plaintiff's infringement claim.

### C.  The Allegations Belie the False Advertising Claim

Count I of the Complaint also includes a Lanham Act false advertising claim. *See* Compl. ¶ 69. This claim fails because the Complaint itself demonstrates that its allegations about what Defendants advertised falsely are, well, false. Specifically, SWAROVSKI OPTIK alleges that Defendants: (1) advertise as "new," SWAROVSKI OPTIK products that do not fit a website's definition of "new;" and (2) advertise that the SWAROVSKI OPTIK products they sell are "designed and intended for resale to North America." Compl. ¶¶ 40–50. But the Complaint's specific factual allegations discredit, rather than support these claims.

First, the Complaint alleges Defendants falsely advertise SWAROVSKI OPTIK products as "new" on Amazon.com because that website "require[s] that 'new' products carry the manufacturer's warranty and Defendants' sales are not covered by SWAROVSKI OPTIK's North American warranty. Compl. ¶¶ 42–47. Recall, however, the Complaint's allegation that these products do have "warranties," those that SWAROVSKI OPTIK (the manufacturer) provides on

---

[7] SWAROVSKI OPTIK includes warranty-based consumer complaints about Sony and Nikkor products in its pleadings, Compl. ¶¶ 58–59, but does not allege that any consumer has ever complained about SWAROVSKI OPTIK products Defendants sold. These unrelated consumer complaints are therefore irrelevant to this Court's analysis.

10

its international products. So, taking the Complaint at its word, the products Defendants market on Amazon.com as "new" meet that definition. No false advertising here.

Taking another shot, the Complaint alleges that Defendants' marketing of products on eBay.com as "brand-new" is false because that requires that each product come "in its original packaging" and "should be the same as what is found in a retail store" and the SWAROVSKI OPTIK products Defendants sell come in "different product packaging than SWAROVSKI OPTIK Products designed and intended for resale to North America" and so "do not come in packaging that is 'the same as what is found in a retail store,' as advertised." Compl. ¶¶ 48–50. Here, the conclusion does not follow from the premises.

The Complaint needs to allege that the products Defendants sell are not in their original packaging, but alleges only that they come in different packaging than SWAROVSKI OPTIK products intended for North American sale. That is insufficient because products in the original packaging that SWAROVSKI OPTIK itself uses for international products meet eBay.com's requirement, and the Complaint offers no reason to question that the products Defendants sell come in their original packaging, designed for international sales. Likewise, these products are "the same as what is found in a retail store" internationally, meaning they are "brand-new" as advertised.

SWAROVSKI OPTIK further damages its cause by attaching images of the advertisements it alleges are "false" insofar as Defendants represent the products as "designed and intended for resale in North America." Compl. ¶¶ 27, 31. None of these advertisements include any representation that the products are "designed and intended for resale in North America," and the Complaint provides no explanation of how Defendants' ads could lead consumers to that

11

conclusion. Because SWAROVSKI OPTIK pleads no facts that would justify an inference that Defendants advertised anything false, the Court should dismiss Count I's false advertising claim.

### D. The State Law Claim Duplicates the False Advertising Claim and Fails for the Same Reasons

Finally, SWAROVSKI OPTIK contends that its allegations state a deceptive trade practices claim under New Jersey law, N.J.S.A. § 56:8-1, *et seq.*, particularly that they show "Defendants have used or employed unconscionable commercial practices, deception, false pretenses, false promises, and misrepresentations" and thereby "caused a likelihood of confusion … [about] the source, sponsorship, or approval of the SWAROVSKI OPTIK Products that Defendants sell to consumers." Compl. ¶¶ 76–77. Because this state-law claim simply rehashes the false advertising claim by relying on alleged likely consumer confusion, this Court can dismiss the state-law claim upon dismissal of the false advertising claim without further analysis. *See Nat'l Football League Props., Inc. v. New Jersey Giants, Inc.*, 637 F. Supp. 507, 519 (D.N.J. 1986) ("As observed by the Third Circuit, '[t]he federal law of unfair competition [as codified at § 1125] is not significantly different, as it bears upon this case, from that of New Jersey.'" (quoting *SK & F Company v. Premo Pharm. Lab., Inc.,* 625 F.2d 1055, 1065 (3d Cir. 1980) (alterations original)).

However, if the Court examines the duplicative state law claim separately, it will find the same analysis applies. As explained in Part C *supra*, the only factual lies or misrepresentations alleged—that Defendants falsely marketed the products as "new" or "brand-new" and as "designed and intended for resale in North America"—fail on the Complaint's own terms. The Complaint alleges no facts supporting the conclusion that the products do not meet the websites' "new" and "brand-new" definitions, and the advertisements the Complaint identifies in paragraph 27 reveal no representation that SWAROVSKI OPTIK "designed and intended [the products] for resale in North America." Nor does SWAROVKSI OPTIK allege that it has not manufactured, sponsored,

12

and approved for initial sale all the products at issue. Like the false advertising claim, Plaintiff's state-law claims fail because the Complaint pleads no facts that might cause consumer confusion.

## IV. CONCLUSION

For these reasons, Defendants request that the Court dismiss all claims in Plaintiff's Complaint.

Dated: May 12, 2023

*/s/ Alexa A. D'Angelo*
Alexa A. D'Angelo
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111-0100
Telephone: 212.589.4200
Email: adangelo@bakerlaw.com

Kevin W. Kirsch (*Pro Hac Vice Forthcoming*)
Nicholas A. Cordova (*Pro Hac Vice Forthcoming*)
**BAKER & HOSTETLER LLP**
200 Civic Center Drive, Ste. 1200
Columbus, OH 43215
Telephone: 614.462.2673
Email: kkirsch@bakerlaw.com
Email: ncordova@bakerlaw.com

*Attorneys for Defendants*