# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

SWAROVSKI OPTIK NORTH AMERICA
LIMITED,

                                    Plaintiff,

v.

IBUY GROUP LLC f/k/a VALOR GROUP
LLC; *and* IBUY DISTRIBUTION LLC f/k/a
F & E TRADING LLC d/b/a 6th AVE
ELECTRONICS,

                                    Defendants.

CIVIL ACTION NO.: 3:23-CV-01210-GC-TJB

Hon. Georgette Castner U.S.D.J.
Hon. Tonianne J. Bongiovanni U.S.M.J.

**Motion Return Date: September 5, 2023**

**Oral Argument Requested**

---

**DEFENDANTS IBUY GROUP LLC F/K/A VALOR GROUP LLC AND IBUY
DISTRIBUTION LLC F/K/A F & E TRADING LLC D/B/A 6TH AVE ELECTRONICS'
BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED
COMPLAINT**

---

Alexa A. D'Angelo
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111-0100
Telephone: 212.589.4200
Email: adangelo@bakerlaw.com

Kevin W. Kirsch (Admitted *Pro Hac Vice*)
Nicholas A. Cordova (Admitted *Pro Hac Vice*)
**BAKER & HOSTETLER LLP**
200 Civic Center Drive, Ste. 1200
Columbus, OH 43215
Telephone: 614.462.2673
Email: kkirsch@bakerlaw.com
Email: ncordova@bakerlaw.com

Attorneys for *Defendants*

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ................................................................................................ 1

II.   LEGAL STANDARD ......................................................................................... 3

III.  ARGUMENT ...................................................................................................... 3

   A.    Plaintiff Lacks Standing to Assert Trademark Infringement ......................... 3

      1.    Trademark Infringement Claims Arise Under 15 U.S.C. § 1114 .............................. 4

      2.    The Allegations Do Not Satisfy 15 U.S.C. § 1114's Standing Requirements ........... 5

   B.    The "First Sale Doctrine" Blesses All Contested Sales ................................. 6

      1.    This Is Not A "Gray Market Goods" Case ....................................... 8

      2.    The Products Pass the "Material Differences" Test .................................. 10

         a.  A California Proposition 65 Sticker is Immaterial ................................ 11

         b.  The Pleadings Allege No Difference Between Applicable Warranties ............... 12

   C.    The Allegations Belie the False Advertising Claim .................................... 13

   D.    Count II's State Law Claim Duplicates Count I's False Advertising Claim and
         Fails for the Same Reasons .................................................... 15

IV.   CONCLUSION ............................................................................................... 17

## TABLE OF AUTHORITIES

**Cases**                                                                                       **Page(s)**

*A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*,
    237 F.3d 198 (3d Cir. 2000)..........................................................................................1, 4

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..............................................................................................3, 10, 12

*In re Burlington Coat Factory Sec. Litig.*,
    114 F.3d 1410 (3d Cir. 1997).........................................................................................3

*Fisons Horticulture, Inc. v. Vigoro Indus., Inc.*,
    30 F.3d 466 (3d Cir. 1994)..........................................................................................1, 4

*Iberia Foods Corp. v. Romeo*,
    150 F.3d 298 (3d Cir. 1998)....................................................................................7, 10, 11

*Lever Bros. Co. v. United States*,
    877 F.2d 101 (D.C. Cir. 1989) ......................................................................................9

*Mele v. Federal Reserve Bank of N.Y.*,
    359 F.3d 251 (3d Cir. 2004)...........................................................................................6

*Monte Carlo Shirt, Inc. v. Daewoo Int'l (Am.) Corp.*,
    707 F.2d 1054 (9th Cir. 1983) .......................................................................................9

*Nat. Footwear Ltd. v. Hart, Schaffner & Marx*,
    760 F.2d 1383 (3d Cir. 1985)........................................................................................5

*Nat'l Football League Props., Inc. v. New Jersey Giants, Inc.*,
    637 F. Supp. 507 (D.N.J. 1986) ...................................................................................15

*Par Pharm., Inc. v. Luitpold Pharms., Inc.*,
    No. 16CV02290WHWCLW, 2017 WL 452003 (D.N.J. Feb. 2, 2017)....................................6

*Phillips v. Cnty. of Allegheny*,
    515 F.3d 224 (3d Cir. 2008)..........................................................................................3

*Pitney Bowes, Inc. v. ITS Mailing Sys., Inc.*,
    No. CIV.A. 09-05024, 2010 WL 1005146 (E.D. Pa. Mar. 17, 2010)....................................5

*Shirley May Int'l US Inc. v. Marina Grp. LLC.*,
    No. 221CV19951BRMMAH, 2022 WL 17622066 (D.N.J. Dec. 13, 2022) ..........................5

*Societe Des Produits Nestle v. Casa Helvetia*,
   982 F.2d 633 (1st Cir. 1993) .................................................................9

*Steeplechase Arts & Prods., L.L.C. v. Wisdom Paths, Inc.*,
   No. CV2202031KMMAH, 2023 WL 416080 (D.N.J. Jan. 26, 2023) ....................................14

*Summit Technology v. High-Line Medical Instruments*,
   922 F. Supp. 299 (C.D. Cal. 1996) .......................................................8, 9

*TechnoMarine SA v. Jacob Time, Inc.*,
   905 F. Supp. 2d 482 (S.D.N.Y. 2012).............................................11, 12

*Tr Worldwide Phillyfood, LLC v. Tony Luke, Inc*,
   No. CV 16-1185 (RBK/JS), 2017 WL 396539 (D.N.J. Jan. 30, 2017) ...............................4, 5

*Warner Bros. Ent. Inc. v. Random Tuesday, Inc.*,
   No. LACV2002416JAKPLAX, 2020 WL 12762735 (C.D. Cal. Nov. 9, 2020) .....................5

**Statutes**

15 U.S.C. § 1114.................................................................................1, 4, 5

15 U.S.C. § 1125.................................................................................1, 4, 16

Lanham Act.................................................................................. *passim*

N.J.S.A. § 56:8-1.................................................................................1, 15

Plaintiff SWAROVSKI OPTIK North America Limited ("Plaintiff" or "SWAROVKSI OPTIK N.A.") pleads that Defendants obtain and resell products bearing a different SWAROVSKI OPTIK entity's registered U.S. trademark. Trademark law's "first sale doctrine" makes Defendants' conduct legal and, what is more, the pleadings show SWAROVSKI OPTIK N.A. does not own the relevant trademark. Because the facts pleaded show SWAROVSKI OPTIK N.A. lacks standing to bring its trademark infringement claim, and do not establish a false advertising or deceptive trade practices claim, this Court should dismiss the Amended Complaint.

## I.    INTRODUCTION

On May 31, 2023, Plaintiff filed its Amended Complaint, concluding that its factual allegations state trademark infringement and false advertising claims under the Lanham Act (Count I)[1] and a deceptive trade practices claim under N.J.S.A. §§ 56:8-1, *et seq.* (Count II). Plaintiff requests damages, cost, fees, and interest, as well as an injunction against Defendants' purchase or sale of products bearing the SWAROVSKI OPTIK mark.

Plaintiff SWAROVSKI OPTIK N.A. alleges that it "sells a variety of binoculars and spotting scope products and accessories under the SWAROVKSI OPTIK brand name." Am. Compl. ¶ 10.[2] The term SWAROVSKI OPTIK also is a United States registered trademark, number 5,836,773. Am. Compl. ¶ 13. SWAROVSKI OPTIK N.A. products are "intended for resale into the North American market" and covered by Plaintiff's "North American Warranty." Am. Compl. ¶ 20. Products manufactured by other SWAROVSKI OPTIK entities, like those that

---

[1] Notably, Plaintiff incorrectly states that its trademark infringement claim arises under 15 U.S.C. § 1125(a), whereas such claims arise under 15 U.S.C. § 1114. *See, e.g., A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 210 (3d Cir. 2000); *Fisons Horticulture, Inc. v. Vigoro Indus., Inc.*, 30 F.3d 466, 473 (3d Cir. 1994) (noting that a "trademark infringement claim" arises "under 15 U.S.C. § 1114" whereas "15 U.S.C. § 1125" creates a similar "unfair competition claim"); *Compare* 15 U.S.C. § 1125 (prohibiting "false designations of origin, false descriptions, and dilution"), *with* 15 U.S.C. § 1114 (prohibiting "infringement").

[2] Defendants do not admit any of the allegations in the Amended Complaint, but merely cite to such allegations throughout this brief.

Defendants sell, are covered by those SWAROVSKI OPTIK entities' warranties.[3] SWAROVSKI OPTIK N.A. places a California Proposition 65 sticker on its products, but other SWAROVKSI OPTIK entities who initially sell their products outside the United States do not, so the products Defendants resell lack these stickers. Am. Compl. ¶¶ 38–39.

Defendants purchase SWAROVSKI OPTIK-brand products abroad and market these products as "'new' SWAROVSKI OPTIK Products on Amazon.com," Am. Compl. ¶ 43, and "brand-new" "SWAROVSKI OPTIK Products on eBay.com." Am. Compl. ¶ 49.

The Amended Complaint contains no allegations that these products are not delivered as originally manufactured and packaged, only that they are not manufactured and packaged by Plaintiff, which, if true, does not support their false advertising theory. *See, e.g.*, Am. Compl. ¶¶ 38–39, 42, 49–51.[4]

The Amended Complaint contains pictures of Defendants' advertisements of SWAROVSKI OPTIK-brand products on Amazon.com, eBay.com, and other websites. Am. Compl. ¶ 31. As is self-evident, not one of these advertisements contains any representation that Plaintiff manufactured these items, or that the SWAROVSKI OPTIK entity that did intended them for North American resale. *Id.* The Amended Complaint also contains no allegation that any United States consumer ever complained about being misled into believing that SWAROVSKI OPTIK

---

[3] The Amended Complaint carefully avoids alleging that other SWAROVSKI OPTIK entities' warranties do not cover products Defendants sell, nor does it identify any difference between these warranties and the North American warranty.

[4] The Amended Complaint contains one conclusory statement that the accused products, "as explained in detail below, are delivered in altered packaging …." Am. Compl. ¶ 27. But what Plaintiff actually details below, indeed in the same sentence, is only that the accused products are delivered in "packaging different than what a consumer would receive from [Plaintiff]." *Id.*; *id.* at ¶ 50 That does not render the accused products' packaging "altered" unless these products were originally manufactured and packaged by Plaintiff, which the Amended Complaint usually denies, *compare* ¶¶ 25, 34 *with* ¶¶ 49, 54 (describing Defendants' wares as "SWAROVSKI OPTIK products"), and which, if admitted, is fatal to their "material differences" argument.

N.A. manufactured these products or that their manufacturer intended North American resale. *See* Am. Compl. ¶¶ 58–59.

## II.    LEGAL STANDARD

When considering a motion to dismiss, the Court accepts the factual allegations in the complaint as true and draws all inferences in the light most favorable to the plaintiff. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Furthermore, the Court also considers any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citations omitted). The Court should grant a motion to dismiss when it appears from the complaint "that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Phillips*, 515 F.3d at 230.

## III.    ARGUMENT

All Plaintiff's claims fail as a matter of law. To start, Plaintiff's trademark infringement claim fails for three independent reasons.  First, Plaintiff lacks standing to bring this claim. Second, the "first sale doctrine" protects Defendants' conduct since this is not a "gray market goods" case. Third, even if this were a "gray market goods" case, the "first sale doctrine" would still apply because there are no "material differences" between the products Defendants sell and Plaintiff's products. As for Lanham Act false advertising, Plaintiff fails to state a claim for the simple reason that the Amended Complaint does not identify any advertisement that was false. That failure sinks Plaintiff's state-law claim too, because the state claim merely duplicates the Lanham Act false advertising claim.

### A.    Plaintiff Lacks Standing to Assert Trademark Infringement

The Court should dismiss the trademark infringement claim because SWAROVSKI OPTIK N.A., as neither owner nor licensed user of the only trademark it pleads, lacks standing to bring a claim for infringement of that trademark. Plaintiff's argument to the contrary demonstrates only that Plaintiff is confused about the statutory basis for its claims. In its letter brief, SWAROVSKI OPTIK N.A. assured the Court that it only brings federal claims "under 15 U.S.C. § 1125, *not* 15 U.S.C. § 1114 (which can only be asserted by the owner or licensee of the trademark)" Pl.'s Letter Response at 1 (emphasis original). Defendants do not contest SWAROVSKI OPTIK N.A.'s standing to bring a *false advertising* claim under 15 U.S.C. § 1125, but Plaintiff also purports to bring a *trademark infringement* claim. FAC ¶¶ 1, 4, 23, 67, Prayer for Relief, Count I Caption. Because trademark infringement claims arise under 15 U.S.C. § 1114 and, as explained below, Plaintiff is neither owner nor licensee of the only trademark at issue, Count I of the Amended Complaint must be limited to false advertising under 15 U.S.C. § 1125(a) and the allegation of trademark infringement in Paragraph 1 of the Amended Complaint must be dismissed and stricken along with all references to federal trademark infringement.

### 1.    Trademark Infringement Claims Arise Under 15 U.S.C. § 1114

Courts in the Third Circuit, "measure federal trademark infringement, 15 U.S.C. § 1114, and federal unfair competition, 15 U.S.C. § 1125(a)(1)(A), by identical standards." *A & H Sportswear, Inc*, 237 F.3d at 210. So Plaintiff's failure to separate these distinct causes of action is perhaps understandable. But as the Third Circuit recognized in *A & H Sportswear*, infringement claims rely on 15 U.S.C. § 1114, a different statutory provision than false advertising claims, *see id.*; *Fisons Horticulture*, 30 F.3d at 473 (3d Cir. 1994), and although the merits standards are identical for both causes of action, their standing requirements are not.

Standing for trademark infringement claims belongs only to the trademark's registered owner and anyone the owner grants a contractual right to sue on it. *Tr Worldwide Phillyfood, LLC*

*v. Tony Luke, Inc*, No. CV 16-1185 (RBK/JS), 2017 WL 396539, at *2–4 (D.N.J. Jan. 30, 2017) (dismissing for lack of standing, non-exclusive licensee's trademark infringement claim because the Lanham Act's text limits "standing to assert a claim of trademark infringement to … the registrant and its legal representative, predecessors, successors and assigns"); *Pitney Bowes, Inc. v. ITS Mailing Sys., Inc.*, No. CIV.A. 09-05024, 2010 WL 1005146, at *4 (E.D. Pa. Mar. 17, 2010) ("While Lanham Act § 43(a)(1)(A) does not explicitly require that the plaintiff be the owner of a protectable mark, there is no other way that the requisite likelihood of confusion, deception or mistake can occur.") (quoting McCarthy on Trademarks § 27:13)).

### 2.    The Allegations Do Not Satisfy 15 U.S.C. § 1114's Standing Requirements

SWAROVSKI OPTIK N.A. identifies only one registered U.S. trademark at issue—Registration Number 5,836,773. Am. Compl. ¶ 13. This is the only trademark properly pleaded, because "where Plaintiff seeks to enforce common-law and registered trademarks," the Amended Complaint, "must identify every trademark that has been infringed." *Warner Bros. Ent. Inc. v. Random Tuesday, Inc.*, No. LACV2002416JAKPLAX, 2020 WL 12762735, at *5 (C.D. Cal. Nov. 9, 2020) (citations omitted); *see also Pitney Bowes, Inc.*, 2010 WL 1005146, at *4 (dismissing Lanham Act trademark infringement claim for lack of standing because "Plaintiff, moreover, has failed to specify any particular third-party marks allegedly infringed, or to assert sufficient ownership interest in such marks"). SWAROVSKI OPTIK N.A. neither owns this mark nor alleges to be a licensee of the owner.[5]

---

[5] SWAROVSKI OPTIK N.A. alleges it has "acquired common law rights in the use of the" registered marks. Am. Compl. ¶ 16. That is irrelevant because the Lanham Act does not permit mere common law rights holders to sue for infringement of a registered mark. *Tr Worldwide Phillyfood, LLC*, 2017 WL 396539, at *2–4; *Shirley May Int'l US Inc. v. Marina Grp. LLC.*, No. 221CV19951BRMMAH, 2022 WL 17622066, at *7 (D.N.J. Dec. 13, 2022) (dismissing claim "for Federal Common Law Trademark infringement" of a registered mark because "no such cause of action exist[s]"). Besides, Plaintiff's allegation is a legal impossibility, as common law rights can arise only before a mark is registered, and SWAROVSKI OPTIK N.A. does not allege that it used the mark extensively enough to create common law rights *before* registration. *See Nat. Footwear Ltd. v. Hart, Schaffner & Marx*, 760 F.2d 1383, 1395 (3d

First, SWAROVSKI OPTIK N.A. does not own U.S. trademark number 5,836,773. United States Patent and Trademark Office ("PTO") records show that "D. Swarovski KG," not SWAROVSKI OPTIK N.A., owns this mark, Exhibit A, and the Court may consider these records without converting this Motion into one for Summary Judgment. *Par Pharm., Inc. v. Luitpold Pharms., Inc.*, No. 16CV02290WHWCLW, 2017 WL 452003, at *4 (D.N.J. Feb. 2, 2017) (acknowledging that "the Court may consider the file histories of the Patents-in-Suit" on a motion to dismiss, and citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.3d 1192, 1196 (3d Cir. 1993); *Mele v. Federal Reserve Bank of N.Y.*, 359 F.3d 251, 256 n.5 (3d Cir. 2004) (further citations omitted)). Moreover, when such records contradict allegations in a complaint, the records control. *Id.* (citing *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 n.8 (3d Cir. 1994)).

Lacking ownership, SWAROVSKI OPTIK N.A.'s only remaining option for standing is as licensee, but the Amended Complaint does not allege that SWAROVSKI OPTIK N.A. has any contractual rights in the mark. That means the Amended Complaint fails to allege SWAROVSKI OPTIK N.A. has standing to sue for Lanham Act trademark infringement.

The Court should dismiss the infringement claim for lack of subject matter jurisdiction and strike all references to infringement.

### B.    The "First Sale Doctrine" Blesses All Contested Sales

In addition to lacking standing to bring a trademark infringement claim, SWAROVSKI OPTIK N.A.'s trademark infringement claim also fails under the "first sale doctrine." "According to the 'first sale' or 'exhaustion' doctrine, a trademark owner's authorized initial sale of its product into the stream of commerce extinguishes the trademark owner's rights to maintain control over

---

Cir. 1985) ("[A] federal registrant has the right to use the trademark in commerce except to the extent that such use infringes what valid right the defendants have acquired by their continuous use of the same mark prior to plaintiffs' federal registration.") (internal quotation marks and citations omitted).

who buys, sells, and uses the product in its authorized form." *Iberia Foods Corp. v. Romeo*, 150 F.3d 298, 301 n.4 (3d Cir. 1998) (citing *Sebastian Int'l, Inc. v. Longs Drug Stores Corp.,* 53 F.3d 1073, 1076 (9th Cir.1995)). This doctrine protects arbitragers, who benefit consumers and foster competition by preventing companies from artificially maintaining varying price levels in different markets. Arbitragers do this by purchasing a company's product in the lower-priced market and then reselling it in a higher-priced market at a price in between.

In cases like this one where there are no allegations that the United States trademark holder (which is D. Swarovski KG, not Plaintiff) lacks direct control over the manufacture of the goods that Defendants arbitrage, there are no exceptions to the "first sale doctrine."  And without allegations that D. Swarovski KG lacks direct control over the manufacture of the accused goods, this is not a "gray goods" case, the first sale doctrine applies, and the trademark infringement claim must be dismissed.

In cases where such control over the manufacture of goods is alleged to be lacking by the United States trademark holder, known as "gray goods" cases, an exception to the "first sale doctrine" applies only if the accused products are "inferior parallel imports" that have "material differences" from the goods that the trademark holder exercises direct control over. *Id.* at 302 (citations omitted). If "material differences" exist, the "gray goods" are not "genuine" and may not legally bear the trademark affixed to "genuine" goods. *Id.* No "gray goods" are at issue in this case because the accused goods are not "inferior parallel imports," but products whose manufacture D. Swarovski KG directly controls.

However, the "first sale doctrine" would still apply even if this were a "gray goods" case because there are no differences, let alone "material differences" between the D. Swarovski KG products Defendants sell and those products that D. Swarovski KG sells itself.  That means the

"first sale doctrine" requires dismissal of Plaintiff's trademark infringement claim regardless of whether the Court analyzes this a "gray goods" case.

### 1.     This Is Not A "Gray Market Goods" Case

The Amended Complaint's allegations do not allow a reasonable inference that the products Defendants sell are "gray goods," that is, "inferior parallel imports" manufactured to lower quality standards than other SWAROVSKI OPTIK-brand products. SWAROVSKI OPTIK N.A. does not allege any difference in the design, performance, materials, size, or shape of the accused products and its own or that the SWAROVSKI OPTIK trademark's owner, D. Swarovski KG, did not design, manufacture, and initially sell the accused products. Much to the contrary, the Amended Complaint even refers to the accused products as "the SWAROVSKI OPTIK products offered for sale by Defendants." Am. Compl. ¶ 55. These allegations permit but one reasonable inference, that Defendants are arbitragers who purchase products that D. Swarovski KG designed, manufactured, and sold, and resell them in the United States to SWAROVSKI OPTIK N.A.'s consternation.

The analysis in a factually similar case illuminates why these allegations do not present a "gray market" situation. In *Summit Technology v. High-Line Medical Instruments*, Summit, a U.S. trademark holder, sued an arbitrager that purchased Summit products abroad and resold them in the United States. 922 F. Supp. 299, 302 (C.D. Cal. 1996). The Court dismissed Summit's trademark claims, reasoning that "under this 'first sale' doctrine, Summit simply cannot control the downstream distribution of products it originally sold in foreign markets." *Id.* at 311.

It did not matter that the arbitraged products "may have 'material' differences" from goods intended for domestic sale because "Summit admits that all of the [products] in question are manufactured and distributed by Summit *itself*, not by any foreign manufacturer." That meant "they are all genuine Summit manufactured products—none are 'gray market' goods." *Id.* at 310.

Because these products were Summit-made, the "material differences" exception to the "first sale" doctrine had no application. *Id.*

"Nor should it," as the Court explained:

Underlying the "gray market" cases is the concern that consumers will be deceived by lesser quality goods manufactured by foreign licensees of the U.S. trademark holder. In most of these cases, the U.S. trademark holder does not have direct control over the manufacture or initial distribution of the goods in question. Rather, the U.S. trademark holder is subjected to competition from imported goods made and initially distributed by a foreign affiliated corporation with a foreign trademark (as in *Lever*),[6] or initially made and distributed in a foreign market by a foreign licensee (as in *Nestle*).[7] The U.S. trademark holder has no direct control over the manufacture, quality, or initial distribution of the products.

*Id.* When, by contrast, the U.S. trademark holder does directly control these aspects, none of those concerns exist. *Id.* The U.S. trademark holder, having chosen "to price its goods differently, or manufacture different goods for different countries, [] cannot look to the Lanham Act to protect its domestic market." *Id.* (citing *NEC Electronics v. Cal Circuit Abco,* 810 F.2d 1506, 1509 (9th Cir.), *cert. denied,* 484 U.S. 851 (1987)); *see also Monte Carlo Shirt, Inc. v. Daewoo Int'l (Am.) Corp.*, 707 F.2d 1054, 1058 (9th Cir. 1983) (granting summary judgment on trademark infringement claim because disputed products "were not imitations of Monte Carlo shirts; they were the genuine product, planned and sponsored by Monte Carlo … . Their source was Monte Carlo; the absence of Monte Carlo's authorization of the discount retailers to sell does not alter this.").

Here, Plaintiff, one SWAROVSKI OPTIK entity, cannot lawfully exercise control over goods manufactured by another SWAROVSKI OPTIK entity at any time, let alone beyond first sale, by coyly pretending to know nothing about the other entity.[8] Because SWAROVSKI OPTIK

---

[6] *Lever Bros. Co. v. United States*, 877 F.2d 101 (D.C. Cir. 1989).
[7] *Societe Des Produits Nestle v. Casa Helvetia,* 982 F.2d 633 (1st Cir. 1993).
[8] Although the Amended Complaint sometimes asserts that the accused products are of "unknown origin" and "are not manufactured by SWAROVSKI OPTIK [N.A.]," Am. Compl. ¶¶ 27, 35, 42, it elsewhere slips and admits that

N.A. has neither alleged that the U.S. trademark owner, D. Swarovski KG, lacks direct control over the goods Defendants sell, nor alleged any fact that would permit that inference (such as any actual difference between the accused and other SWAROVSKI OPTIK products), SWAROVSKI OPTIK N.A. has not pleaded a "gray goods" case. Accordingly, this case requires a straightforward application of the "first sale doctrine" and dismissal of the trademark infringement claim.

### 2.    The Products Pass the "Material Differences" Test

Even if the Court considers the genuine SWAROVKSI OPTIK products at issue "gray goods," the pleadings identify no "material differences" between the "SWAROVSKI OPTIK products offered for sale by Defendants," Am. Compl. ¶ 54, and other SWAROVSKI OPTIK products. So the infringement claim fails under the "first sale" doctrine. A difference is not material unless it is "likely to damage the goodwill developed by the trademark owner." *Iberia Foods Corp. v. Romeo*, 150 F.3d 298, 304 (3d Cir. 1998). SWAROVSKI OPTIK N.A. repeatedly pleads conclusory statements that the SWAROVSKI OPTIK products Defendants sell are materially different than SWAROVSKI OPTIK N.A. products, *see* FAC ¶¶ 41, 50–51, 54, 57, but it does not allege a single difference between the actual scopes or binoculars being sold. Mere conclusory statements that the products are inexplicably "materially different" do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

The only difference SWAROVKSI OPTIK N.A. alleges is that its products "have different product packaging and legal disclaimers than" the products Defendants sell. Am. Compl. ¶ 36. It elaborates that the former come with a leaflet explaining the warranty, SWAROVSKI OPTIK N.A.'s contact information, and "a free SWAROVSKI OPTIK decal sticker." Am. Compl. ¶ 37.

---

Plaintiff is suing over genuine "SWAROVSKI OPTIK products offered for sale by Defendants," *id.* at ¶ 54. Further, it is not relevant whether SWAROVSKI OPTIK N.A. manufactured these products, only whether D. Swarovski KG, the owner of the U.S. trademark "SWAROVSKI OPTIK" did, and the allegations offer no reason to believe it did not.

But the Amended Complaint does not allege that the products Defendants sell come without equivalents, or that the absence of any or all of these would harm Plaintiff's goodwill. Am. Compl. ¶ 37. Such allegations would have been insufficient anyway because these trivial packaging features are immaterial. *See TechnoMarine SA v. Jacob Time, Inc.*, 905 F. Supp. 2d 482, 486 (S.D.N.Y. 2012) (confirming no material differences in allegations that watch sold on website "'was not intended for sale and distribution in the United States,' was missing the 'tags and labelling … which accompany genuine TechnoMarine watches,' [and] is missing 'the standard warranty card'").

### a.    A California Proposition 65 Sticker is Immaterial

The "product packaging" difference Plaintiff alleges is that, unlike initially North America-bound SWAROVSKI OPTIK products, those Defendants sell do "not have a California Proposition 65 disclaimer sticker." Am. Compl. ¶¶ 38–39. The Amended Complaint also concludes that the missing sticker causes "damage to SWAROVSKI OPTIK [N.A.]'s goodwill and reputation," Am. Compl. ¶ 62, but alleges no facts showing how that harm occurs or is likely to occur, as *Iberia Foods* demands.[9]

SWAROVSKI OPTIK N.A. argues that, without the sticker "consumers … may not be aware of potential health risks." Am. Compl. ¶ 61. But SWAROVSKI OPTIK N.A. does not contend that the "SWAROVSKI OPTIK products offered for sale by Defendants," Am. Compl. ¶ 54, cause cancer or present any other health risk whatsoever.

The same implausibility troubles the conclusory allegation that the sticker's absence "creat[es] product liability exposure for SWAROVSKI OPTIK [N.A.]." Am. Compl. ¶ 63. Without

---

[9] The Amended Complaint also alleges that the SWAROVKSI OPTIK products Defendants sell "do not comply with applicable state and federal regulations," Am. Compl. ¶ 62, but never identifies any regulations besides Proposition 65.

any alleged facts to show that SWAROVSKI OPTIK N.A. has been or is likely to be sued for carcinogenic eyepieces, this "mere conclusory statement" does not suffice to state a material difference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Moreover, the Court must accept as true at this stage SWAROVSKI OPTIK N.A.'s pleading that it did not manufacture any of the products Defendants sell and is unaware of who does manufacture them. *E.g.*, Am. Compl. ¶ 25. So SWAROVSKI OPTIK N.A. cannot be subject to manufacturer liability even if a plaintiff proves that a spotting scope purchased from Defendants gave him or her cancer (which would be a difficult task even if it were true). The absence of a regularly ignored sticker is not a material difference.[10]

> b.    *The Pleadings Allege No Difference Between Applicable Warranties*

SWAROVSKI OPTIK N.A. alleges that the products Defendants sell are not covered by the SWAROVSKI OPTIK North American warranty, Am. Compl. ¶¶ 35, 46–48, but not that these products are without warranties applicable to SWAROVSKI OPTIK-marked products sold outside North America. *See, e.g.*, Am. Compl. ¶¶ 45–46. Nor is there any allegation that such SWAROVSKI OPTIK international warranties offer different terms than the North American warranties or are voided by Defendants' selling the products into the United States. If SWAROVSKI OPTIK N.A. could truthfully make such allegations, it presumably would have.[11] Because there are no such allegations, Plaintiff has identified no "material" differences in warranty coverage. *See TechnoMarine SA*, 905 F. Supp. 2d at 491–93 (finding no material difference with

---

[10] Finally, even if a missing sticker plausibly subjected SWAROVSKI OPTIK N.A. to products liability claims, that would only be true of products Defendants sell to California, where Proposition 65 applies. Products Defendants sell to consumers in the other forty-nine states and territories would still pass the "material differences" test, so damages would be limited to California sales.

[11] SWAROVSKI OPTIK N.A. includes warranty-based consumer complaints about Sony, Canon, and Nikon products in its pleadings, Am. Compl. ¶¶ 59–60 but does not allege that any consumer has ever complained about SWAROVSKI OPTIK-marked products Defendants sold. These unrelated consumer complaints are therefore irrelevant to this Court's analysis.

no allegations that warranty was void or diluted). The Amended Complaint's allegations allow a reasonable person to conclude only that the warranties applicable to the products Defendants sell lack the "North American" designation but provide all the same terms including coverage, service, and duration. That means the Amended Complaint contains no allegations that would allow the Court to decline applying the "first sale doctrine" to dismiss SWAROVSKI OPTIK N.A.'s infringement claim.

### C.   The Allegations Belie the False Advertising Claim

Count I of the Amended Complaint also includes a Lanham Act false advertising claim. *See* Am. Compl. ¶¶ 70–71. This claim fails because the Amended Complaint identifies no advertisement that was false. On the contrary, the Amended Complaint itself demonstrates that its allegations purporting to show that  Defendants advertised falsely are, well, false. Specifically, SWAROVSKI OPTIK N.A. alleges that Defendants: (1) advertise as "new," SWAROVSKI OPTIK products that do not fit a website's guidelines for "new" products; and (2) advertise that the SWAROVSKI OPTIK products they sell are "designed and intended for resale to North America." Am. Compl. ¶¶ 40–51. But the Amended Complaint's own factual allegations discredit, rather than support these claims.

First, the Amended Complaint alleges Defendants falsely advertise SWAROVSKI OPTIK products as "new" on Amazon.com because that website "require[s] that 'new' products carry the manufacturer's warranty and Defendants' sales are not covered by SWAROVSKI OPTIK's North American warranty. Am. Compl. ¶¶ 43–48. Recall, however, the conspicuous absence of allegations that these products come without warranties from the SWAROVSKI OPTIK entities that manufacture them. So, the Amended Complaint gives the Court no facts from which to conclude that the products Defendants market on Amazon.com are not "new" under the Amazon guidelines.

Further, the District of New Jersey has found noncompliance with Amazon guidelines insufficient to establish a false advertising claim absent evidence of actual consumer confusion because "on Amazon; in selecting 'new' from the list of options, a seller does not unambiguously make any representation either way as to whether the product has been modified." *Steeplechase Arts & Prods., L.L.C. v. Wisdom Paths, Inc.*, No. CV2202031KMMAH, 2023 WL 416080, at *6 (D.N.J. Jan. 26, 2023). Because SWAROVKSI OPTIK N.A. does not allege facts capable of raising an inference of actual consumer confusion, such as that any consumer was even aware of Amazon's guidelines, this false advertising theory fails as a matter of law.

The Amended Complaint further alleges that Defendants' marketing of products on eBay.com as "brand-new" is false because eBay.com's guidelines advise that a "brand new" product should come "in its original packaging" and "should be the same as what is found in a retail store," whereas the SWAROVSKI OPTIK-marked products Defendants sell allegedly come in "different product packaging than SWAROVSKI OPTIK Products designed and intended for resale to North America" and so "do not come in packaging that is 'the same as what is found in a retail store,' as advertised." Am. Compl. ¶¶ 49–51. Again, selecting the closest fit among a website's limited condition description options cannot be a literally false statement and is not likely to mislead, *see Steeplechase Arts & Prods. LLC*, 2023 WL 416080, at *6. and the Lanham Act does not demand a perfect match between product and condition designation.

However, Defendants' wares perfectly match eBay's "brand new" designation anyway. To show that the products Defendants offered on eBay were not "brand new", the Amended Complaint needs to allege that the products are not in their original packaging. But it alleges only that the products come in different packaging than SWAROVSKI OPTIK products intended for North American sale. *E.g.*, Am. Compl. ¶¶ 27, 50. That is insufficient because products in their

14

original packaging meet eBay.com's requirement even if that packaging was intended for retail stores outside North America. The Amended Complaint offers no reason to question that the products Defendants sell come in their original packaging. Therefore, these products are "the same as what is found in a retail store," meaning they are "brand-new" as advertised.

SWAROVSKI OPTIK N.A. further damages its false advertising claim by attaching images of the advertisements it alleges are "false" insofar as Defendants represent the products as "designed and intended for resale in North America." Am. Compl. ¶ 31. None of these advertisements include any representation that the products are "designed and intended for resale in North America," and the Amended Complaint provides no explanation of how Defendants' ads could lead consumers to that conclusion. Because SWAROVSKI OPTIK N.A. pleads no facts that would justify an inference that Defendants advertised anything falsely, the Court should dismiss Count I's false advertising claim.

**D.    Count II's State Law Claim Duplicates Count I's False Advertising Claim and Fails for the Same Reasons**

Finally, SWAROVSKI OPTIK N.A. contends that its allegations state a deceptive trade practices claim under New Jersey law, N.J.S.A. § 56:8-1, *et seq.*, particularly that they show "Defendants have used or employed unconscionable commercial practices, deception, false pretenses, false promises, and misrepresentations" and thereby "caused a likelihood of confusion … [about] the source, sponsorship, or approval of the SWAROVSKI OPTIK Products that Defendants sell to consumers." Am. Compl. ¶¶ 76–77. Because this state-law claim simply rehashes the false advertising claim by relying on alleged likely consumer confusion, this Court can dismiss the state-law claim upon dismissal of the false advertising claim without further analysis. *See Nat'l Football League Props., Inc. v. New Jersey Giants, Inc.*, 637 F. Supp. 507, 519 (D.N.J. 1986) ("As observed by the Third Circuit, '[t]he federal law of unfair competition [as

codified at § 1125] is not significantly different, as it bears upon this case, from that of New Jersey.'" (quoting *SK & F Company v. Premo Pharm. Lab., Inc.,* 625 F.2d 1055, 1065 (3d Cir. 1980) (alterations original)).

SWAROVSKI OPTIK N.A.'s letter brief dedicates only one paragraph to its state law claim, arguing it is not duplicative of the Lanham Act false advertising claim because Lanham Act claims have the additional "element" of requiring "interstate commerce." Pl.'s Letter Response at 3. That observation is irrelevant because "interstate commerce" is not the element that is fatally missing. The necessary element that SWAROVSKI OPTIK N.A. fails to plead is any advertising practice that is likely to cause consumer confusion. Because that element of both federal and state claims is missing for the same reasons, this Court, after examining the federal claim, can dismiss the state claim without further analysis.

Still, if the Court examines the duplicative state law claim separately, it will find the same analysis applies. As explained in Part C *supra,* the only factual lies or misrepresentations alleged— that Defendants falsely marketed the products as "new" or "brand-new" and as "designed and intended for resale in North America"—fail on the Amended Complaint's own terms. The Amended Complaint alleges no facts supporting the conclusion that the products do not meet the websites' "new" and "brand-new" guidelines, and the advertisements identified in paragraph 31 reveal no representation that any SWAROVSKI OPTIK entity "designed and intended [the products] for resale in North America." Nor does SWAROVKSI OPTIK N.A. allege that D. Swarovski KG has not sponsored and approved for initial sale all the products at issue. *See, e.g.*, Am. Compl. ¶ 54 (referring to "the products offered for sale by Defendants" as "SWAROVSKI OPTIK products"). Like the false advertising claim, Plaintiff's state-law claim fails because the Amended Complaint pleads no facts that might cause consumer confusion.

## IV.    CONCLUSION

For these reasons, Defendants request that the Court dismiss all claims in Plaintiff's Amended Complaint.


Dated: August 11, 2023

/s/ Alexa A. D'Angelo
Alexa A. D'Angelo
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111-0100
Telephone: 212.589.4200
Email: adangelo@bakerlaw.com

Kevin W. Kirsch  (Admitted *Pro Hac Vice*)
Nicholas A. Cordova (Admitted *Pro Hac Vice*)
**BAKER & HOSTETLER LLP**
200 Civic Center Drive, Ste. 1200
Columbus, OH 43215
Telephone: 614.462.2673
Email: kkirsch@bakerlaw.com
Email: ncordova@bakerlaw.com

*Attorneys for Defendants*