UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SWAROVSKI OPTIK NORTH AMERICA LIMITED,<br><br>      Plaintiff,<br><br>v.<br><br>IBUY GROUP LLC f/k/a VALOR GROUP LLC; *and* IBUY DISTRIBUTION LLC f/k/a F & E TRADING LLC d/b/a 6th AVE ELECTRONICS,<br><br>      Defendants. | CIVIL ACTION NO.: 3:23-CV-01210-GC-TJB<br><br>Hon. Georgette Castner U.S.D.J.<br>Hon. Tonianne J. Bongiovanni U.S.M.J.<br><br>**Motion Return Date: September 5, 2023**<br><br>**Oral Argument Requested** |

**DEFENDANTS IBUY GROUP LLC F/K/A VALOR GROUP LLC AND IBUY DISTRIBUTION LLC F/K/A F & E TRADING LLC D/B/A 6TH AVE ELECTRONICS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Alexa A. D'Angelo
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111-0100
Telephone: 212.589.4200
Email: adangelo@bakerlaw.com

Kevin W. Kirsch (Admitted *Pro Hac Vice*)
Nicholas A. Cordova (Admitted *Pro Hac Vice*)
**BAKER & HOSTETLER LLP**
200 Civic Center Drive, Ste. 1200
Columbus, OH 43215
Telephone: 614.462.2673
Email: kkirsch@bakerlaw.com
Email: ncordova@bakerlaw.com

*Attorneys for Defendants*

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................. 1

II. ARGUMENT ........................................................................................................ 1

    A.    Count I, Part 1 (Trademark Infringement) should be dismissed because Swarovski concedes that it has no trademark infringement claim. ......................... 1

    B.    Count I, Part 2 (False Advertising) should be dismissed because Swarovski pleads neither a literally false advertisement nor actual consumer deception. ........ 2

    C.    Count II (Deceptive Trade Practices) should be dismissed as duplicative of Swarovski's implausible false advertising claim. ..................................................... 4

    D.    Leave to file a second amended complaint should be denied. ................................ 5

III. CONCLUSION ..................................................................................................... 5

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Freedom Card, Inc. v. JPMorgan Chase & Co.*,
    432 F.3d 463 (3d Cir. 2005) ................................................................................................... 2

*Shutt v. Miller*,
    724 F. App'x 112 (3d Cir. 2018) ............................................................................................. 5

*SK & F, Co. v. Premo Pharm. Lab'ys, Inc.*,
    625 F.2d 1055 (3d Cir. 1980) ................................................................................................... 4

*Steeplechase Arts & Prods., L.L.C. v. Wisdom Paths, Inc.*,
    No. 22-02031, 2023 WL 416080 (D.N.J. Jan. 26, 2023) .............................................. 1, 2, 3, 5

*Volvo N. Am. Corp. v. Men's Int'l Pro. Tennis Council*,
    687 F. Supp. 800 (S.D.N.Y. 1988) ................................................................................. 1, 4, 5

**I.      INTRODUCTION**

If anyone is "throw[ing] everything at the wall to see what sticks" (ECF No. 38 at 2), Swarovski is. Swarovski threw a "trademark infringement" claim at the wall (ECF No. 23 ¶¶ 1, 67), only to disavow it after receiving iBuy's motion to dismiss (*see* ECF No. 38 at 3). Swarovski threw a false advertising claim (and a duplicative deceptive trade practices claim) at the wall, alleging that iBuy selected the terms "new" or "brand new" from limited lists of product-condition descriptors supplied by Amazon and eBay under their seller guidelines. (*See* ECF No. 23 ¶¶ 39– 52.) But those alleged selections cannot, as a matter of law, be literally false. *See Steeplechase Arts & Prods., L.L.C. v. Wisdom Paths, Inc.*, No. 22-02031, 2023 WL 416080, at *6 (D.N.J. Jan. 26, 2023).

Swarovski also tries to back into the consumer-deception element of its false advertising claim, which is about binoculars and spotting scopes, by alleging confusion about irrelevant products, such as cameras, that Swarovski admits are "*not . . .* the products at issue in this case." (ECF No. 23 ¶ 59) (emphasis added). But confusion about *other* products cannot, as a matter of law, show confusion about the products at issue. *See Volvo N. Am. Corp. v. Men's Int'l Pro. Tennis Council*, 687 F. Supp. 800, 813 (S.D.N.Y. 1988). So it is Swarovski, not iBuy, who is trying to "drum up controversy and stall this litigation." (ECF No. 38 at 2.) iBuy's motion to dismiss should be granted, and Swarovski's amended complaint (ECF No. 23) should be dismissed with prejudice.

**II.     ARGUMENT**

    **A.     Count I, Part 1 (Trademark Infringement) should be dismissed because Swarovski concedes that it has no trademark infringement claim.**

Despite previously labeling Count I "Trademark Infringement and False Advertising" (ECF No. 23 ¶ 66) and describing it as "a claim for federal trademark infringement" (*id.* ¶ 67), Swarovski now denies ever making a trademark infringement claim. In its opposition brief,

1

Swarovski argues that its complaint "sets forth valid claims" on only two grounds: "(1) false advertising under Section 43 of the Lanham Act, 15 U.S.C. § 1125, and (2) deceptive trade practices under N.J.S.A. §§ 56:8-1, *et seq.*" (ECF No. 38 at 3.) "The heart of this case," Swarovski insists, "boils down [to] . . . false advertisement." (*Id.*) Swarovski's omission of trademark infringement is intentional, as Swarovski clarifies time and "[a]gain" that its "trademark claim is for false advertising" alone—not for trademark infringement. (*Id.* at 5.) The Court should take Swarovski at its word, disregard the unnecessary discussion of trademark infringement (which could exist only under 15 U.S.C. § 1114 and not under 15 U.S.C. § 1125) in Swarovski's opposition brief, and dismiss or strike any "Trademark Infringement" allegations from the amended complaint.[1]

**B.  Count I, Part 2 (False Advertising) should be dismissed because Swarovski pleads neither a literally false advertisement nor actual consumer deception.**

Swarovski does not dispute that, to state a claim for false advertising, it must plead (among other elements): (1) a "literally false" advertisement; or (2) an advertisement that, while not literally false, actually "deceived the buying public." *Steeplechase*, 2023 WL 416080, at *7. Swarovski pleads neither.

**Swarovski fails to plead that the advertisements at issue were literally false.** Swarovski takes issue with what it calls "iBuy's false advertisement of 'new' products" on Amazon and eBay. (*See* ECF No. 38 at 17; *see also* ECF No. 23 ¶¶ 39–52.) By "advertisement of 'new' products," Swarovski is referring to iBuy's alleged selection of "new" or "brand new" from limited lists of product-condition descriptors supplied by Amazon and eBay. *Compare* ECF No. 23 ¶ 43

---

[1] Even if Swarovski wanted to assert an unfair competition claim under the Lanham Act based on a trademark, 15 U.S.C. § 1125(a)(1)(A), *which it has not done*, the assertion would fail because (among other reasons) Swarovski does not allege that any trademark "is owned by" Swarovski. *See Freedom Card, Inc. v. JPMorgan Chase & Co.*, 432 F.3d 463, 469–70 (3d Cir. 2005).

(Swarovski's allegation about Amazon descriptor list), ¶ 48 (Swarovski's allegation about eBay descriptor list) *with* https://sellercentral.amazon.com/help/hub/reference/external/200339950 (last visited Aug. 29, 2023) (Amazon's descriptor list), https://www.ebay.com/help/selling/listings/creating-managing-listings/item-conditions-category?id=4765 (last visited Aug. 29, 2023) (eBay's descriptor list). As iBuy explained, however, selecting "new" from a list of descriptors cannot, as a matter of law, be literally false advertising. (*See* ECF No. 35-1 at 14) (citing *Steeplechase*, 2023 WL 416080, at *6). "In selecting 'new' from the list of options, a seller does not unambiguously make any representation either way as to whether the product has been modified." *Steeplechase*, 2023 WL 416080, at *6. Without an unambiguous representation, there is no literally false advertisement. *See id.*

In its amended complaint, Swarovski does not allege an unambiguous false representation. And in its opposition brief, Swarovski does not even argue that "new" is literally false. Instead it argues that "new" creates a "false impression" about the products iBuy sells, based on the alleged "*implications*" of calling a product "new." (ECF No. 38 at 18) (emphasis added). To state a "false impression" claim, however, Swarovski concedes it must plausibly allege that iBuy's advertising *actually* "deceived the buying public." (*Id.* at 19) (quoting *Steeplechase*, 2023 WL 416080, at *7). Implications are not enough. *See Steeplechase*, 2023 WL 416080, at *7. For the following reasons, Swarovski has not plausibly alleged actual deception.

**Swarovski fails to plead that the advertisements at issue actually deceived the buying public.** Contrary to Swarovski's argument, it does not "dedicate[] an entire section"—or even a single allegation—"of its Complaint to the discussion of likely *and actual* consumer confusion." (ECF No. 38 at 19) (emphasis in original). Swarovski defines this "entire section" as paragraphs

3

54 through 65 of the amended complaint. (*See id.*) But nothing in those twelve paragraphs plausibly alleges that the advertisements at issue actually deceived the buying public.

Those twelve paragraphs form a section of the amended complaint titled "Likelihood of Confusion *and Injury* Caused by Defendants' Actions." (ECF No. 23 ¶¶ 54–65) (emphasis added). Unsurprisingly, seven of the twelve paragraphs contain allegations of *injury*—not allegations of actual confusion. (*See id.* ¶¶ 54, 57, 61–65.) Three other paragraphs contain only conclusions about actual confusion, lacking any supporting factual allegations. (*See id.* ¶¶ 55, 56, 58.) These "conclusory allegations [of] confusion" need not be taken as true and "are insufficient" to state a Lanham Act claim. *Volvo*, 687 F. Supp. at 813. And the remaining two paragraphs of the amended complaint contain allegations of confusion only about products that Swarovski admits are "*not . . . the products at issue in this case.*" ECF No. 23 ¶ 59 (emphasis added); *see also id.* ¶ 60 (allegedly showing reviews of cameras, not reviews of binoculars and spotting scope products at issue in this case). Because this alleged confusion "do[es] not involve consumers of the goods and services at issue," it is "irrelevant." *Volvo*, 687 F. Supp. at 813. All told, nothing in Swarovski's amended complaint plausibly alleges that the advertisements at issue actually deceived the buying public.

**C. Count II (Deceptive Trade Practices) should be dismissed as duplicative of Swarovski's implausible false advertising claim.**

Because Swarovski's false advertising claim fails as a matter of law, so too does Swarovski's deceptive trade practices claim. Swarovski concedes that every element of its deceptive trade practices claim is also an element of its false advertising claim. (*See* ECF No. 38 at 20) (citing and quoting *SK & F, Co. v. Premo Pharm. Lab'ys, Inc.*, 625 F.2d 1055, 1065 (3d Cir. 1980)). Swarovski's deceptive trade practices claim therefore fails for the same reason why its false advertising claim fails: Swarovski fails to plead a literally false advertisement or actual deception of the buying public.

    **D.    Leave to file a second amended complaint should be denied.**

Swarovski's brief concludes with a one-sentence request for leave to file a second amended complaint, "should the Court be inclined to grant" iBuy's motion to dismiss. (ECF No. 38 at 20.) This request should be denied on futility grounds. Any amendment would be futile because Swarovski "fail[s] to cite facts . . . that would overcome the deficiencies in [its amended] complaint." *Shutt v. Miller*, 724 F. App'x 112, 115 (3d Cir. 2018).

In both its initial complaint and its amended complaint, Swarovski's sole false advertising theory is that iBuy was falsely advertising products as "new" on Amazon and eBay. (ECF No. 1 ¶¶ 39–52; ECF No. 23 ¶¶ 39–52.) But these alleged advertisements cannot, as a matter of law, be literally false—no amendment can change that. *Steeplechase*, 2023 WL 416080, at *6. In both its initial complaint and its amended complaint, Swarovski relies solely on allegations about products "*not* . . . at issue in this case" to plead consumer deception. (ECF No. 23 ¶ 59) (emphasis added). Swarovski even amended its complaint to expressly clarify this point. (*Compare* ECF No. 1 ¶ 58 *with* ECF No. 23 ¶ 59.) But these not-at-issue products are irrelevant to consumer deception—no amendment can change that, either. *See Volvo*, 687 F. Supp. at 813. All of Swarovski's claims should be dismissed with prejudice.

**III.    CONCLUSION**

The Court should grant iBuy's motion and dismiss Swarovski's amended complaint (ECF No. 23) with prejudice.

Dated:  August 29, 2023              */s/ Alexa A. D'Angelo*
                                                    Alexa A. D'Angelo
                                                    **BAKER & HOSTETLER LLP**
                                                    45 Rockefeller Plaza
                                                    New York, NY 10111-0100
                                                    Telephone: 212.589.4200
                                                    Email: adangelo@bakerlaw.com

        Kevin W. Kirsch (Admitted *Pro Hac Vice*)
        Nicholas A. Cordova (Admitted *Pro Hac Vice*)
        **BAKER & HOSTETLER LLP**
        200 Civic Center Drive, Ste. 1200
        Columbus, OH 43215
        Telephone: 614.462.2673
        Email: kkirsch@bakerlaw.com
        Email: ncordova@bakerlaw.com

        *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on August 29, 2023, that a true and correct copy of this Reply Brief in Support of Motion to Dismiss was electronically filed with the Clerk of the Court via the Court's CM/ECF system, which will send a notice of the electronic filing upon all counsel of record in this action, including:

Dana B. Parker
K&L Gates LLP
One Newark Center, 10th Floor
Newark, NJ 07102
Email: dana.parker@klgates.com

I have also caused a true and correct copy of the Reply Brief in Support of Motion to Dismiss to be served via electronic mail and Federal Express to the following:

Michael R. Murphy
Morgan T. Nickerson
Jack S. Brodsky
K&L Gates LLP
1 Congress Street
Suite 2900
Boston, MA 02114
Email: michael.r.murphy@klgates.com
Email: morgan.nickerson@klgates.com
Email: jack.brodsky@klgates.com

Dated: August 29, 2023                  /s/ Alexa A. D'Angelo
                                        Alexa A. D'Angelo
                                        **BAKER & HOSTETLER LLP**
                                        45 Rockefeller Plaza
                                        New York, NY 10111-0100
                                        Telephone: 212.589.4200
                                        Email: adangelo@bakerlaw.com

                                        *Attorney for Defendants*

7