UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SWAROVSKI OPTIK NORTH AMERICA LIMITED,<br><br>        Plaintiff,<br><br>      v.<br><br>IBUY GROUP LLC f/k/a VALOR GROUP LLC; *and* IBUY DISTRIBUTION LLC f/k/a F & E TRADING LLC d/b/a 6TH AVE ELECTRONICS,<br><br>        Defendants. | Civil Action No. 23-01210 (GC) (TJB)<br><br>**<u>MEMORANDUM OPINION</u>** |

**<u>CASTNER, District Judge</u>**

**THIS MATTER** comes before the Court upon Defendants iBuy Group LLC and iBuy Distribution LLC's Motion to Dismiss (ECF No. 35) Plaintiff Swarovski Optik North America Limited's Amended Complaint (ECF No. 23). Plaintiff opposed, and Defendants replied. (ECF Nos. 38 & 39.) The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Defendants' Motion is **DENIED**.

I.     **<u>BACKGROUND</u>**[1]

Plaintiff is a limited liability company that "sells a variety of binoculars and spotting scope products and accessories" under the SWAROVSKI OPTIK trademark registered with the U.S. Patent and Trademark Office. (ECF No. 23 ¶¶ 10, 13-15.) Defendants are unaffiliated with Plaintiff and sell "non-genuine products of unknown foreign origin bearing the SWAROVSKI

---

[1]    On a motion to dismiss under Rule 12(b)(6), the Court accepts as true all well-pleaded facts. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

OPTIK Marks . . . on various online commerce sites," such as Amazon and eBay.  (*Id.* ¶¶ 23-24, 28.)  Defendants describe their merchandise as "new" Swarovski products on these websites.  (*Id.* ¶ 31.)  According to Plaintiff, this description is false.  (*Id.* ¶¶ 48-49.)  For example, Amazon's Terms and Conditions state that if a product is advertised as "new," the "[o]riginal manufacturer's warranty, if any, still applies. . . . Original packaging is present for most New items but certain items like shoes may be re-boxed."  (*Id.* ¶ 44.)  And on eBay, Defendants' products bearing the Swarovski Mark are identified as "brand-new" and "in [their] original packaging" as "found in a retail store."  (*Id.* ¶ 49.)  These descriptions are allegedly untrue because Defendants' products are not covered by the warranty that normally applies to Swarovski products sold in North America.  (*Id.* ¶ 46.)  Nor are Defendants' products sold in the original Swarovski packaging, and they lack the specific policies, instructions, and legal disclaimers contained in the original packaging.  (*Id.* ¶¶ 36-37.)  Plaintiff alleges that Defendants' actions are "likely to cause—and [have] caused—consumer confusion" and harm to Plaintiff's reputation.  (*Id.* ¶ 55-57.)  Based on these allegations, Plaintiff asserts a claim for "Trademark Infringement and False Advertising" under the Lanham Act, 15 U.S.C. § 1125 (Count I), as well as a New Jersey state law claim for "Deceptive Trade Practices" under N.J. Stat. Ann. §§ 56:8-1, *et seq.* (Count II).[2]

## II.   <u>STANDARD OF REVIEW</u>

On a motion to dismiss for failure to state a claim upon which relief can be granted, courts "accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and assess whether the complaint and the exhibits attached to it 'contain enough facts to state a claim to relief that is plausible on its face.'"  *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131,

---

[2]     The Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state-law claim under § 1367(a).

140 (3d Cir. 2023) (quoting *Watters v. Bd. of Sch. Directors of City of Scranton*, 975 F.3d 406, 412 (3d Cir. 2020)).  "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022) (quoting *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019)).  When assessing the factual allegations in a complaint, courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements."  *Wilson*, 57 F.4th at 140 (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 903 (3d Cir. 2021)).  The defendant bringing a Rule 12(b)(6) motion bears the burden of "showing that a complaint fails to state a claim."  *In re Plavix Mktg., Sales Pracs. & Prod. Liab. Litig. (No. II)*, 974 F.3d 228, 231 (3d Cir. 2020).

## III.   DISCUSSION

### A.   Count I – Lanham Act

#### 1.   Standing

Defendants first argue that Plaintiff lacks standing to assert Count I, which is a claim for "Trademark Infringement and False Advertising" under Section 43(a) of the Lanham Act, codified at 15 U.S.C. § 1125(a).  (ECF No. 23 ¶ 66-74.)

Section 43(a) confers standing to "any person who believes that he or she is or is likely to be damaged by" the alleged false advertising, regardless of trademark ownership.  § 1125(a)(1); *Tr Worldwide Phillyfood, LLC v. Tony Luke, Inc.*, Civ. No. 16-1185, 2017 WL 396539, at *4 (D.N.J. Jan. 30, 2017).  On the other hand, only a trademark's owner, or a party to whom the owner grants a contractual right to enforce the trademark, has standing to assert a trademark infringement claim under the Lanham Act.  *See Tr Worldwide*, 2017 WL 396539, at *2-3.

The parties agree that Plaintiff has standing to assert a claim of False Advertising under §

1125(a). (*See* ECF No. 35-1 at 8; ECF No. 38 at 5.[3]) But Plaintiff does not claim to be an owner or licensee of the trademark at issue, despite labeling Count I as a claim for both trademark infringement and false advertisement. (ECF No. 23 ¶¶ 66-74.) Thus, Defendants ask the Court to dismiss Count I to the extent it asserts a claim of trademark infringement. (ECF No. 35-1 at 8.) Plaintiff clarifies in its opposition brief that Count I asserts a claim "for false advertising under. . . § 1125(a)," and not for trademark infringement. (ECF No. 38 at 5.) And Plaintiff alleges in its Amended Complaint that Defendants' false advertising has damaged the good will and reputation associated with Plaintiff's brand. (ECF No. 23 ¶¶ 62-64.) Accordingly, Plaintiff has standing to assert its false advertising claim, and the Court will treat as abandoned any claim for "trademark infringement" in Count I of the Amended Complaint.[4]

### 2.   *False Advertising*

Defendants next argue that Plaintiff has failed to plausibly assert a claim of false advertising under Section 43(a) of the Lanham Act. (ECF No. 35-1 at 17-19.) "To establish a false advertising claim under the Lanham Act, a plaintiff must prove: 1) that the defendant has made false or misleading statements as to his own product [or another's]; 2) that there is actual deception or at least a tendency to deceive a substantial portion of the intended audience; 3) that the deception is material in that it is likely to influence purchasing decisions; 4) that the advertised goods traveled in interstate commerce; and 5) that there is a likelihood of injury to the plaintiff in terms of declining sales, loss of good will, etc." *Pernod Ricard USA, LLC v. Bacardi U.S.A., Inc.*,

---

[3]     Page numbers for record cites (i.e., "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

[4]     *See Sevajian v. Castro*, Civ. No. 20-1591, 2022 WL 17733675, at *3 n.1 (D.N.J. Dec. 6, 2022) (dismissing a claim where the plaintiff "appear[ed] to have abandoned his . . . claim, as he did not offer any argument in opposition to Defendants' motion to dismiss this claim").

653 F.3d 241, 248 (3d Cir. 2011) (citing *Warner–Lambert v. Breathasure*, 204 F.3d 87, 91-92 (3d Cir. 2000)).

Defendants contend that Plaintiff has not established that Defendants' statements are false. (ECF No. 35-1 at 17.)  "[A]ctual deception or a tendency to deceive is presumed if . . . an advertisement is unambiguous and literally false."  *Pernod*, 653 F.3d at 248 (citing *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharm. Co.*, 290 F.3d 578, 586 (3d Cir. 2002)).  But if the advertisement is "literally true or ambiguous," Plaintiff "must prove actual deception or a tendency to deceive."  *Id.* (citing *Novartis*, 290 F.3d at 588-90).

Here, Plaintiff has sufficiently pled that Defendants' statements are literally false, and that consumers have been and are likely to be deceived.  According to Plaintiff, Defendants' products bearing the Swarovski Mark are "non-genuine products of unknown foreign origin."  (ECF No. 23 ¶ 24.)  Defendants sell these products on Amazon.com and advertise the products' condition as "New."  (*Id.* ¶¶ 31, 43.)  Amazon's Terms and Conditions state that if a product is advertised as "New," it means that the "[o]riginal manufacturer's warranty, if any, still applies."  (*Id.* ¶ 44.) Plaintiff alleges that because Defendants are not authorized to sell these products, the products "are not covered—and cannot be covered—by the SWAROVSKI OPTIK North American Warranty" that normally applies to genuine Swarovski products.  (*Id.* ¶ 47.)  Therefore, Defendants' products listed on Amazon.com "are not in 'new' condition" as defined by Amazon's Terms and Conditions.  (*Id.* ¶ 48.)  Similarly, on Ebay.com, Defendants claim to sell the products in their "original packaging," which "should be the same as what is found in a retail store."  (*Id.* ¶ 49.) But according to Plaintiff, the specific policies, instructions, and legal disclaimers contained in the original packaging of genuine Swarovski products are missing from the packaging of Defendants' non-genuine products.  (*Id.* ¶¶ 36-42.)  Therefore, Defendants' statements that their Swarovski

products come in the same "original packaging . . . found in a retail store" are alleged to be false. (*Id.* ¶¶ 49-51.)

Defendants argue that Amazon's definition of "new" is ambiguous, citing *Steeplechase Arts & Productions, LLC v. Wisdom Paths, Inc.*, 652 F. Supp. 3d 481, 490-92 (D.N.J. 2023). (ECF No. 35-1 at 18.) But the court in *Steeplechase* determined whether, on a motion for summary judgment, a product's description on Amazon as "New" was "unambiguously false" where the defendant was selling a modified version of the original product. *Steeplechase*, 652 F. Supp. 3d at 491. The court denied plaintiff's summary judgment motion for false advertising, finding that the "new" description was not false merely because the defendant had modified the product.[5] *Id.* at 491-92. Additionally, there was no evidence in *Steeplechase* that consumers were aware of Amazon's guidelines, so a ruling that consumers "would be unavoidably misled by a 'new' listing would be premature" on a motion for summary judgment. *Id.* at 491.

But on a motion to dismiss, "it is not appropriate to resolve [the issue of the truthfulness of the speech]" unless "a court can properly say that no reasonable person could be misled by the advertisement in question."[6] Here, Plaintiff has adequately alleged that Defendants falsely represented to consumers that its products were (1) "New" under the meaning of Amazon's Terms and Conditions and (2) came in "original packaging" that "should be the same as what is found in a retail store." (ECF No. 23 ¶¶ 44-51, 55-57.) At this stage, the Court cannot properly say that no reasonable person could be misled by Defendants' statements. *Genzyme*, 906 F. Supp. 2d at 17.

---

[5] The court noted that "New" could mean that the books were "not altered in any manner after manufacturing," or that the books were never previously used by consumers. *Id.* at 491.

[6] *Genzyme Corp. v. Shire Human Genetic Therapies, Inc.*, 906 F. Supp. 2d 9, 17 (D. Mass. 2012) (internal citations omitted) (first quoting *World Wrestling Fed'n Ent., Inc. v. Bozell*, 142 F. Supp. 2d 514, 529 (S.D.N.Y. 2001), and then quoting *Pernod*, 653 F.3d at 252).

In addition, Plaintiff has alleged that Defendants' false statements led to likely and actual consumer confusion.  (ECF No. 23 ¶¶ 55-57.)  Therefore, Plaintiff has sufficiently alleged that Defendants' statements were false and deceived, or at least tended to deceive, consumers.  *See Steeplechase*, 652 F. Supp. 3d at 492 ("Steeplechase may alternatively attempt to establish that . . . [the] ad deceived the buying public, even if it was not 'literally false.'"); *see also N. Atl. Imps., LLC v. Loco-Crazy Good Cookers, Inc.*, 2024 WL 245955, at *2 (D. Del. Jan. 23, 2024) (recommending that the District Court for the District of Delaware deny the defendant's motion to dismiss a false advertising claim, in part because the defendant relied on caselaw addressing "the ultimate burden of proving deception by a preponderance of the evidence," as opposed to "the requisite showing at the pleadings stage").

Finally, Plaintiff has plausibly asserted the remaining elements of a false advertising claim under § 1125(a).  Plaintiff alleges that "Defendants' actions substantially harm [Plaintiff] by placing falsely advertised . . . products into the stream of commerce in the United States."  (ECF No. 23 ¶ 54.)  Plaintiff asserts that such deceptions are material to consumers' purchasing decisions (*id.* ¶ 59), and that Plaintiff has suffered damage to its reputation and good will associated with its brand (*id.* ¶¶ 62-64).  *See Pernod*, 653 F.3d at 248.

### 3.    *Affirmative Defenses*

Defendants do not attack the sufficiency of the remaining elements of Plaintiff's false advertising claim.  Instead, Defendants argue that the "first sale" doctrine insulates Defendants' conduct.  (ECF No. 35-1 at 10-11.)

The "first sale" doctrine "is an affirmative defense to trademark infringement claims." *Steeplechase*, 652 F. Supp. 3d at 493; *see also Iberia Foods Corp. v. Romeo*, 150 F.3d 298, 301 n.4 (3d Cir. 1998).  "The facts necessary to establish an affirmative defense must generally come

from matters outside of the complaint. Thus, with some exceptions, affirmative defenses should be raised in responsive pleadings, not in pre-answer motions brought under Rule 12(b)." *Maya Swimwear, Corp. v. Maya Swimwear, LLC*, 789 F. Supp. 2d 506, 512, 517-18 (D. Del. 2011) (quoting *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 657 (3d Cir.2003)) (denying the defendants' motion to dismiss that was "based on their defense of the first sale doctrine").

Under the "first sale" defense, "the critical question is whether a product resold by an alleged infringer is 'genuine.' If so, no infringement has occurred." *Steeplechase*, 652 F. Supp. 3d at 494 (citation omitted). Here, Plaintiff alleges that Defendants "are selling non-genuine products of unknown foreign origin bearing the SWAROVSKI OPTIK Marks." (ECF No. 23 ¶ 24.) Because the Court must accept Plaintiff's allegations as true on a motion to dismiss, Defendants' "first sale" defense argument presents a question of fact that is premature to resolve at this stage, and the Court need not address Defendants' arguments under the "material differences" and "gray market goods" tests. (ECF No. 12-14.) *See Maya*, 789 F. Supp. 2d at 512, 514. Accordingly, Defendants' Motion to Dismiss is denied as to Count I.

### B.      Count II — Unfair Trade Practices

Defendants argue that because Plaintiff has failed to plausibly allege actual and likely consumer confusion for its Lanham Act claim, Plaintiff's state law claim fails for the same reason. (ECF No. 35-1 at 19-20; ECF No. 39 at 4.) But the Court has found that Plaintiff has sufficiently alleged actual deception, or at least a tendency to deceive, under its Lanham Act claim. Therefore, Plaintiff has sufficiently pled actual and likely consumer confusion as to its state law claim. *See SK & F Company v. Premo Pharm. Lab., Inc.*, 625 F.2d 1055, 1065-66 (3d Cir. 1980) (finding that a plaintiff who had sufficiently alleged a state law tort claim for unfair competition also stated a claim under Section 43(a) of the Lanham Act, because "except for the interstate commerce

requirement, the elements of the unfair competition torts proscribed by New Jersey law and by section 43(a) of the Lanham Act are the same"). Defendants do not challenge Plaintiff's state law claim on any other basis. Thus, Defendants' motion to dismiss is denied as to Count II.

IV.    **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 35) is **DENIED**. An appropriate Order follows.

Dated: March 14, 2024

**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**

9