## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SWAROVSKI OPTIK NORTH AMERICA LIMITED,<br><br>                         Plaintiff,<br><br>     v.<br><br>IBUY GROUP LLC f/k/a VALOR GROUP LLC; *and* IBUY DISTRIBUTION LLC f/k/a F & E TRADING LLC d/b/a 6th AVE ELECTRONICS,<br><br>                         Defendants. | **Civil Action No. 3:23-CV-01210-GC-TJB**<br><br>Hon. Georgette Castner U.S.D.J.<br>Hon. Tonianne J. Bongiovanni U.S.M.J. |

## ANSWER AND COUNTERCLAIM
## AND DEMAND FOR JURY TRIAL

Darren M. Geliebter
Antonio Papageorgiou (*pro hac vice*)
Eric J. Huang (*pro hac vice*)
**LOMBARD & GELIEBTER LLP**
230 Park Avenue, 4th Floor West
New York, NY 10169
(212) 520-1172 (telephone)
(646) 349-5567 (facsimile)
dgeliebter@lombardip.com
ap@lombardip.com
ehuang@lombardip.com

*Attorneys for Defendants iBuy Group LLC and iBuy Distribution LLC*

Defendants iBuy Group LLC ("iBuy Group") and iBuy Distribution LLC ("iBuy Distribution") (collectively, "Defendants") hereby answer Plaintiff Swarovski Optik North America Limited's ("Swarovski Optik" or "Plaintiff") First Amended Complaint ("FAC") as follows. To the extent not explicitly admitted, all allegations in the FAC are denied.

## NATURE OF THIS ACTION

1.     Defendants admit that the FAC purports to allege a civil action for trademark infringement, false advertising, and unfair competition under the Lanham Act, 15 U.S.C. § 1051, *et. seq.*, as well as related state law claims. Defendants deny that the FAC properly states a claim for trademark infringement, false advertising, or unfair competition or related state law claims. Except as explicitly admitted, the allegations are denied.

2.     Defendants admit that the FAC purports to allege a civil action for trademark infringement, false advertising, and unfair competition under the Lanham Act, 15 U.S.C. § 1051, *et. seq.*, as well as related state law claims based on the sale of SWAROVSKI OPTIK Products (as defined by Plaintiff). Defendants deny that the FAC properly states a claim for trademark infringement, false advertising, or unfair competition or related state law claims. Except as explicitly admitted, the allegations are denied.

3.     Denied.

4.     Defendants admit that the FAC purports to seek permanent injunctive relief and damages. Defendants deny that Plaintiff is entitled to any relief or damages. Except as explicitly admitted, the allegations are denied.

## JURISDITION AND VENUE

5.     The allegations in Paragraph 5 are legal conclusions to which no response is required. To the extent a response is required, Defendants do not dispute that this Court has

jurisdiction over the subject matter of the FAC for purposes of this action only.

6.    The allegations in Paragraph 6 are legal conclusions to which no response is required. To the extent a response is required, Defendants do not dispute that this Court has supplemental jurisdiction over the pendent state law claims of the FAC for purposes of this action only.

7.    The allegations in Paragraph 7 are legal conclusions to which no response is required. To the extent a response is required, Defendants admit that they are limited liability companies with a principal place of business in Somerset, New Jersey. To the extent a further response is required, Defendants do not contest personal jurisdiction for purposes of this action only. Except as explicitly admitted, the allegations are denied.

8.     The allegations in Paragraph 8 are legal conclusions to which no response is required. To the extent a response is required, Defendants admit that they reside in this judicial district. To the extent a further response is required, Defendants do not contest venue for purposes of this action only. Except as explicitly admitted, the allegations are denied.

9.    The allegations in Paragraph 9 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants further assert that the Court held that Plaintiff abandoned any purported claims for trademark infringement under Lanham Act, 15 U.S.C. § 1125(a), asserted in the FAC. (ECF No. 46.)

## **PARTIES**

10.    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 10 and therefore deny the same.

11.    Admitted.

12.    Defendants admit iBuy Distribution was formerly known as F & E Trading LLC. Defendants further admit iBuy Distribution is a New Jersey limited liability company with its principal place of business located at 50 Atrium Drive, Somerset, NJ 08873. Except as explicitly admitted, the allegations are denied.

## FACTS

13.    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 13 and therefore deny the same. Defendants further deny that Plaintiff owns or possesses any rights in any SWAROVSKI OPTIK mark.

14.    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 14 and therefore deny the same. Defendants further deny that Plaintiff owns or possesses any rights in any SWAROVSKI OPTIK mark.

15.    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 15 and therefore deny the same.

16.    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 16 and therefore deny the same. Defendants further deny that Plaintiff owns or possesses any rights in any SWAROVSKI OPTIK mark.

17.    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 17 and therefore deny the same. Defendants further deny that Plaintiff owns or possesses any rights in any SWAROVSKI OPTIK mark.

18.    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 18 and therefore deny the same. Defendants further deny that Plaintiff owns or possesses any rights in any SWAROVSKI OPTIK mark.

19.    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 19 and therefore deny the same. Defendants further deny that Plaintiff owns or possesses any rights in any SWAROVSKI OPTIK mark.

20.    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 20 and therefore deny the same.

21.    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 21 and therefore deny the same.

22.    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 22 and therefore deny the same. Defendants further deny that Plaintiff owns or possesses any rights in any SWAROVSKI OPTIK mark.

23.    Admitted, except that Defendants deny that Plaintiff has any rights for it to authorize Defendants to use any SWAROVSKI OPTIK marks and that Defendants require such authorization from Plaintiff for any purpose.

24.    Denied.

25.    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 25 and therefore deny the same.

26.    Admitted, except that Defendants deny that Plaintiff has any rights for it to authorize or otherwise grant Defendants permission to use any SWAROVSKI OPTIK marks and that Defendants require such authorization or permission from Plaintiff for any purpose. Except as explicitly admitted, all other allegations are denied.

27.    Denied.

28.    Denied.

29.    Denied.

30.     Denied.

31.     Denied.

32.     Defendants admit that Defendant iBuy Group's website, valorgroupholdings.com, contains the statement: "distribution network in multiple countries, with the aim to establish affiliates that will buy and sell throughout the globe." Except as explicitly admitted, the allegations are denied.

33.     Defendants admit that the website, ibuy.com, contains the statements: "global distributor in the electronics industry" and "relationships with emerging international markets" and "connections in numerous countries including Hong Kong, Japan, Singapore, Dubai, United Kingdom, The Netherlands, Panama, Argentina, Puerto Rico, Honduras, Colombia, Mexico and Canada." Except as explicitly admitted, the allegations are denied.

34.     Denied.

35.     The allegations in Paragraph 35 are legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 35 and therefore deny the same.

36.     Denied.

37.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 37 and therefore deny the same.

38.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 38 and therefore deny the same.

39.     Defendants admit that the product packaging for Defendants' SWAROVSKI OPTIK-branded products do not have a California Proposition 65 disclaimer sticker, but deny that

such disclaimer is required on Defendants' SWAROVSKI OPTIK-branded products. Except as explicitly admitted, the allegations are denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. The allegations in Paragraph 45 are legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 45 and therefore deny the same.

46. The allegations in Paragraph 46 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

47. The allegations in Paragraph 47 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

48. The allegations in Paragraph 48 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56.    Denied.

57.    Denied.

58.    Denied.

59.    Denied.

60.    Denied.

61.    Denied.

62.    Denied.

63.    Denied.

64.    Denied.

65.    Denied.

<u>**COUNT I**</u>
<u>**Lanham Act – Trademark Infringement and False Advertising**</u>
<u>**(15 U.S.C. § 1125)**</u>

66.    Defendants incorporates by reference its answers to all prior paragraphs as if fully set forth herein.

67.    Denied. Defendants assert that the Court held that Plaintiff abandoned any purported claims for trademark infringement under Lanham Act, 15 U.S.C. § 1125 asserted in the FAC. (ECF No. 46.)

68.    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 68 and therefore deny the same.

69.    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 69 and therefore deny the same.

70.    Denied.

71.    Denied.

72.    Denied.

73.    Denied.

74.    Denied.

## COUNT II
## Deceptive Trade Practices Under State Law
## (N.J.S.A. §§ 56:8-1, et seq.)

75.    Defendants incorporates by reference its answers to all prior paragraphs as if fully set forth herein.

76.    Denied.

77.    Denied.

78.    Denied.

79.    Denied.

The remainder of the FAC contains Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Defendants deny the allegations in Plaintiff's prayers for relief and further state that Plaintiff is not entitled to any relief in this matter.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that Defendants bear any burden of proof as to any of them, Defendants assert the following affirmative defenses.

1.    Plaintiff's FAC fails to state a claim upon which relief can be granted.

2.    Plaintiff's claims are barred by the exhaustion doctrine/first sale doctrine.

3.    Plaintiff's claims are barred by one or more of the doctrines of laches, waiver, estoppel, or acquiescence.

4.    Plaintiff's claims are barred because the statements alleged to be false or misleading are mere opinion or puffery.

9

5.      Plaintiff's claims are barred by the doctrine of unclean hands. Plaintiff has intentionally, deliberately, willfully, and in bad faith adopted the improper use of litigation and other unlawful conduct, including seeking to enjoin Defendants use of marks that, on information and belief, Plaintiff has no assertable rights to, for the improper purpose of limiting Defendants' lawful distribution of SWAROVKSI OPTIK-branded goods, in a clear effort to quell competition with Plaintiff's own sales of SWAROVKSI OPTIK-branded goods. Defendants incorporate by reference the allegations of the Counterclaim as stated herein.

6.      Plaintiff's claims for trademark infringement under Lanham Act, 15 U.S.C. § 1125(a), are abandoned. (ECF No. 46.)

7.      Plaintiff is not entitled to equitable relief because, to the extent that it proves any injury or damages, Plaintiff has an adequate remedy at law.

8.      There may be additional affirmative defenses to the claims alleged by Plaintiff that are currently unknown to Defendants. Therefore, Defendants reserve the right to amend their Answer to allege additional affirmative defenses in the event that Defendants' discovery of additional information indicates that they are appropriate.

## COUNTERCLAIM

Defendants and Counterclaim-Plaintiffs iBuy Group LLC ("iBuy Group") and iBuy Distribution LLC ("iBuy Distribution") (collectively, "Defendants") hereby bring counterclaims against Plaintiff and Counterclaim-Defendant Swarovski Optik North America Limited ("Swarovski Optik" or "Plaintiff") as follows:

## NATURE OF THE ACTION

1.      This is an action under the Lanham Act, 15 U.S.C. § 1051 *et seq.* and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, based upon a real, immediate, substantial, and justiciable controversy between the parties concerning whether Defendants have made any false or misleading statements in connection with any commercial advertising or promotion of SWAROVKSI OPTIK-branded goods in violation of Section 43(a) of Lanham Act, 15 U.S.C. § 1125(a)(1)(B), and further concerning whether Plaintiff owns any rights in the SWAROVKSI OPTIK mark. Defendants seek a declaration that they do not, under any theory, commit false advertising under 15 U.S.C. § 1125(a), that they are not liable for the statements of a third-party retailer of Defendants' SWAROVKSI OPTIK-branded goods, and that Plaintiff does not own a registration for or any rights in the SWAROVKSI OPTIK mark. This is also an action for malicious abuse of process under New Jersey law based upon acts representing a perversion of the legal process by Plaintiff, after initiating its action against Defendants, for an ulterior motive.

2.      This case arises out of Plaintiff's improper use of litigation to limit Defendants' lawful distribution of genuine SWAROVKSI OPTIK-branded goods. Specifically, Plaintiff has asserted claims of trademark infringement to marks that it does not own and, on information and belief, does not have sufficient right to claim such infringement.  Even though Plaintiff abandoned its trademark infringement claims, it nonetheless seeks relief in its First Amended Complaint that

Plaintiff is not entitled to receive under any claim remaining in this case following the Court's order on Defendants' motion to dismiss. (ECF No. 46.) That is, Plaintiff asks this Court to permanently enjoin Defendants from, *inter alia*, using the SWAROVSKI OPTIK Marks (as defined by Plaintiff in its First Amended Complaint), acquiring any products bearing the SWAROVSKI OPTIK Marks, and selling any products bearing the SWAROVSKI OPTIK Marks. There is no basis in law or fact alleged in the First Amended Complaint for this Court to enjoin Defendants from using any third-party SWAROVSKI OPTIK mark. Plaintiff's overreaching demands—taken together with its knowingly false, material allegations that Defendants are "fulfilling orders with non-genuine foreign products of unknown origin which are not manufactured by SWAROVSKI OPTIK"—evidence its improper motivation for bringing this case. Plaintiff's ulterior motive is to improperly quell competition with Plaintiff's own sales of SWAROVKSI OPTIK-branded goods so that Plaintiff can maintain artificially higher prices in the U.S. market for the same goods.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over the subject matter in the pleadings pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, and 1338(a) and (b), as these claims arise under the Trademark Laws of the United States.

4.      This Court has supplemental jurisdiction over the pendent state law under 28 U.S.C. § 1367 in that those claims are so related to Defendants' federal claims that they form part of the same case or controversy.

5.      This Court also has subject matter jurisdiction over Defendants' counterclaims pursuant to 28 U.S.C. § 1332 because the matter in controversy in this action exceeds the sum or

value of $75,000, exclusive of interest and costs, and is between citizens of the State of New Jersey and Rhode Island.

6.      This Court has personal jurisdiction over Plaintiff because it regularly transacts business within New Jersey and has consented to the personal jurisdiction of this Court by initiating this action here, such that this Court's assertion of jurisdiction over Plaintiff does not offend traditional notions of fair play and substantial justice.

7.      Venue is proper under 28 U.S.C. §§ 1391(b) because this is the judicial district where a substantial part of the events or omissions giving rise to the claims occurred and Plaintiff consented to venue in this District by initiating this action here.

## **PARTIES**

8.      Plaintiff and Counterclaim-Defendant Swarovski Optik North America Limited is a Rhode Island limited liability company with its principal place of business in Cranston, Rhode Island ("Swarovski Optik" or "Plaintiff").

9.      Defendant and Counterclaim-Plaintiff iBuy Group LLC ("iBuy Group") is a New Jersey limited liability company with its principal place of business located at 50 Atrium Drive, Somerset, NJ 08873.

10.     Defendant and Counterclaim-Plaintiff iBuy Distribution LLC ("iBuy Distribution") is a New Jersey limited liability company with its principal place of business located at 50 Atrium Drive, Somerset, NJ 08873. iBuy Group is the parent company of iBuy Distribution.

11.     Defendants are importers and wholesale distributors of consumer goods, including genuine SWAROVKSI OPTIK-branded goods, such as binoculars and spotting scopes.

## FACTS

12. On information and belief, Plaintiff is an importer, distributor, and seller of SWAROVKSI OPTIK-branded goods, such as binoculars and spotting scopes.

13. Plaintiff is not the owner of record of any SWAROVSKI OPTIK mark, including U.S. Registration No. 5,836,773.

14. On information and belief, the registered owner of U.S. Registration No. 5,836,773 for the mark SWAROVSKI OPTIK (the "SWAROVSKI OPTIK Mark") is D. Swarovski KG, a limited partnership having an address at Swarovskistraße 30, A-6112 Wattens, Austria.

15. Plaintiff is also not the owner of any common law rights in any SWAROVSKI OPTIK mark.

16. On information and belief, Plaintiff is merely a distributor of products bearing the SWAROVSKI OPTIK Mark.

17. On information and belief, Plaintiff does not manufacture products bearing the SWAROVSKI OPTIK Mark.

18. On information and belief, products sold by Plaintiff bearing the SWAROVSKI OPTIK Mark originate from Swarovski Optik Vertribs GmbH, a company having it headquarters at Swarovskistraße 70, 6112 Wattens, Austria ("Swarovski Optik Vertribs").

19. On information and belief, Plaintiff is a company related to Swarovski Optik Vertribs.

20. The products imported and distributed by Defendants bearing the SWAROVSKI OPTIK Mark originate from Swarovski Optik Vertribs.

21. The products imported and distributed by Defendants bearing the SWAROVSKI OPTIK Mark are distributed in their original packaging.

22.     The products imported and distributed by Defendants bearing the SWAROVSKI OPTIK Mark are distributed with the original manufacturer's warranty.

23.     The products imported and distributed by Defendants bearing the SWAROVSKI OPTIK Mark are also distributed with a merchant's warranty that meets or exceeds the original manufacturer's warranty.

24.     The products imported and distributed by Defendants bearing the SWAROVSKI OPTIK Mark are genuine SWAROVSKI OPTIK products, include SWAROVSKI OPTIK serial numbers where applicable, are unused, and have never before been sold to consumers.

25.     Plaintiff knew or should have known, at all relevant times, based on its relationship to Swarovski Optik Vertribs, that the products imported and distributed by Defendants bearing the SWAROVSKI OPTIK Mark are genuine SWAROVSKI OPTIK products.

26.     Plaintiff knew, or should have known, at all relevant times, that Defendants do not sell products bearing the SWAROVSKI OPTIK Mark doing business as 6th Ave Electronics or any other similar trade name or fictitious name.

27.     Plaintiff knew or should have known, at all relevant times, that Defendants do not do business as 6th Ave Electronics or any other similar trade name or fictitious name.

28.     On March 2, 2023, Plaintiff filed its initial Complaint in this action, asserting claims against Defendants for trademark infringement and false advertising under 15 U.S.C. § 1125(a) and deceptive trade practices under New Jersey law, N.J.S.A§§ 56:8-1, *et. seq*. (ECF No. 1.)

29.     Plaintiff alleged trademark infringement of the SWAROVSKI OPTIK Marks in its initial Complaint, knowing that it was not the owner of the SWAROVSKI OPTIK Mark and knowing that it did not have common law rights in the SWAROVSKI OPTIK mark, and therefore,

knowing that it did not have standing to assert infringement of the SWAROVSKI OPTIK Mark against Defendants.

30.    In Plaintiff's Complaint, it alleged that Defendants' accused goods were SWAROVSKI OPTIK products "designed and intended for resale to international markets." (ECF No. 1, ¶¶ 2, 25.).  Plaintiff further alleged that Defendants purchase genuine SWAROVSKI OPTIK brand products that Plaintiff manufactured, according to the Complaint (the pleading being that Defendants obtain "SWAROVKSI OPTIK Products from international resellers and distributors," and resell them online, including "to United States consumers."). (ECF No. 1, ¶ 28.)

31.    On information and belief, at the time Plaintiff filed its Complaint, Plaintiff had evidentiary support for its factual contentions in its Complaint that Defendants' accused goods were indeed genuine SWAROVSKI OPTIK-branded products "designed and intended for resale to international markets." This allegation is based upon the fact that Plaintiff's allegations were phrased based upon firsthand knowledge, rather than upon information and belief. Discovery into the basis for Plaintiff's allegations is likely to show that Plaintiff knew at the time it filed its Complaint that Defendants' products were genuine SWAROVSKI OPTIK-branded products, thus providing evidentiary support for Defendants' claims as alleged herein.

32.    Plaintiff served its Complaint on iBuy Group on March 7, 2023 and iBuy Distribution on March 7, 2023, thus initiating this lawsuit.

33.    After the issuance of process, Plaintiff committed further acts representing the perversion of the legitimate use of process, including by deliberately amending its Complaint to state allegations which it knew or should have known were not true.

34.    On May 12, 2023, Defendants filed a motion to dismiss Plaintiff's Complaint, in part, on the grounds that Plaintiff's Complaint failed to state a claim for relief because Plaintiff

alleged that the goods Defendants purportedly sold were genuine SWAROVSKI OPTIK-branded products.

35.    On May 31, 2023, rather than oppose Defendants' motion to dismiss, Plaintiff filed a First Amended Complaint.

36.    In Plaintiff's First Amended Complaint, Plaintiff deleted its allegations in the initial Complaint that Defendants' accused goods were genuine SWAROVSKI OPTIK-branded products "designed and intended for resale to international markets", and replaced that with a contrary allegation that Defendants' products "are non-genuine products of unknown foreign origin", even though Plaintiff knew or should have known that the products distributed by Defendants are genuine SWAROVSKI OPTIK products. (ECF No. 23 ¶ 2).

37.    On August 11, 2023, Defendants filed a second motion to dismiss Plaintiff's First Amended Complaint, in part, on the grounds that Plaintiff's First Amended Complaint failed to state a claim for relief. Defendants' brief acknowledged Plaintiff's assertion in its pleading that Defendants' goods were of "unknown origin" while also inconsistently admitting in other parts of its pleading that Defendants' goods are genuine SWAROVSKI OPTIK products. (*See* ECF No. 35-1 at 9, n.8.)

38.    Plaintiff's opposition brief to Defendants' motion to dismiss maintained its false allegations that Defendants' products were non-genuine foreign products of unknown origin.

39.    On March 15, 2024, this Court denied Defendants' motion to dismiss. (ECF No. 46.) The Court's opinion denying dismissal of Plaintiff's claim for false advertising under 15 U.S.C. § 1125(a) was based on the very language that Plaintiff amended in its First Amended Complaint, in part, stating: "Here, Plaintiff has sufficiently pled that Defendants' statements are literally false, and that consumers have been and are likely to be deceived. According to Plaintiff,

17

Defendants' products bearing the Swarovski Mark are '***non-genuine products of unknown foreign origin***.'" ECF No. 46 at 5 (quoting FAC, ECF No. 23, ¶ 24) (emphasis added).

40. The Court also declined to address Defendants' first sale defense, precisely because of the amended language Plaintiff added, stating:

> Under the "first sale" defense, "the critical question is whether a product resold by an alleged infringer is 'genuine.' If so, no infringement has occurred." *Steeplechase*, 652 F. Supp. 3d at 494 (citation omitted). Here, Plaintiff alleges that Defendants "***are selling non-genuine products of unknown foreign origin bearing the SWAROVSKI OPTIK Marks***." (ECF No. 23 ¶ 24.) Because the Court must accept Plaintiff's allegations as true on a motion to dismiss, Defendants' "first sale" defense argument presents a question of fact that is premature to resolve at this stage, and the Court need not address Defendants' arguments under the "material differences" and "gray market goods" tests. (ECF No. 12-14.) *See Maya*, 789 F. Supp. 2d at 512, 514. Accordingly, Defendants' Motion to Dismiss is denied as to Count I.

ECF No. 46 at 8 (emphasis added).

41. Furthermore, despite abandoning its claim for trademark infringement, Plaintiff's prayer for relief including a request for the Court to permanently enjoin Defendants from, *inter alia*, using the SWAROVSKI OPTIK Marks, acquiring ***any*** products bearing the SWAROVSKI OPTIK Marks, and selling ***any*** products bearing the SWAROVSKI OPTIK Marks. There is no basis in law or fact alleged in the First Amended Complaint for this Court to enjoin Defendants from using a third-party SWAROVSKI OPTIK mark.

42. In the parties' Rule 26(f) conference held on March 27, 2024, counsel for Plaintiff said that ***any terms for settlement must include Defendants' complete withdrawal from the market***.

43. Plaintiff's false, material allegations and overreaching demands evidence its improper ulterior motivation for bringing this case, to improperly quell competition with Plaintiff's own sales of SWAROVKSI OPTIK-branded goods so that Plaintiff can maintain artificially higher

prices in the U.S. market for the same goods. Simply put, Plaintiff's motive is to get Defendants *completely out of the market,* which cannot be accomplished legally with a false advertising claim.

## FIRST COUNTERCLAIM
### (Declaratory Judgment)

44.     Defendants incorporate all preceding paragraphs as if fully set forth herein.

45.     This declaratory judgment claim arises under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, including 15 U.S.C. § 1125(a), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

46.     An actual case or controversy exists between Plaintiff and Defendants concerning whether Defendants' activities constitute false advertising in violation of 15 U.S.C. § 1125(a)(1)(B), such that the Court may entertain Defendants' request for declaratory relief consistent with Article III of the United States Constitution, and that actual case or controversy requires a declaration of rights by this Court.

47.     Defendants import and distribute genuine SWAROVKSI OPTIK-branded goods that Plaintiff is well aware originate from the same source as that of Plaintiff's SWAROVKSI OPTIK-branded goods. Defendants' SWAROVKSI OPTIK-branded goods are new and not used, are distributed in their original packaging, and are provided with warranty coverage that is equal to that offered in connection with the SWAROVKSI OPTIK-branded goods sold by Plaintiff. Defendants have not made any false or misleading statements in connection with any commercial advertising or promotion of the SWAROVKSI OPTIK-branded goods, including those alleged in the First Amended Complaint. Any statements that Plaintiff has alleged constitute false advertising are made by third parties, not Defendants.

48.     Defendants' activities do not constitute false advertising in violation 15 U.S.C. § 1125(a).

49.    A judicial declaration that Defendants' activities do not constitute false advertising in violation 15 U.S.C. § 1125(a)(1)(B), and that Defendants are not liable for any statements made by a third-party retailer of Defendants' SWAROVKSI OPTIK-branded goods, is necessary and appropriate to resolve this controversy.

50.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Defendants requests a declaration by the Court that Defendants' activities do not constitute false advertising in violation 15 U.S.C. § 1125(a)(1)(B), and that Defendants are not liable for any statements made by a third-party retailer of Defendants' SWAROVKSI OPTIK-branded goods, so that Defendants can ascertain their rights and duties with respect to any commercial advertising or promotion of its SWAROVKSI OPTIK-branded goods.

51.    A further actual case or controversy exists between Plaintiff and Defendants concerning whether Plaintiff owns a registration or any rights in any SWAROVKSI OPTIK mark, such that the Court may entertain Defendants' request for declaratory relief consistent with Article III of the United States Constitution, and that actual case or controversy requires a declaration of rights by this Court.

52.    Plaintiff has asserted—or at minimum, has sought to suggest—that it owns common law rights in the SWAROVKSI OPTIK mark and a federal trademark registration for the same, and alleges that it has established substantial goodwill through its use of the SWAROVKSI OPTIK marks. In apparent reliance on those purported rights, it has sought to prevent Defendants from using the SWAROVSKI OPTIK marks, acquiring any products bearing the SWAROVSKI OPTIK marks, and selling any products bearing the SWAROVSKI OPTIK Marks. Such an injunction against Defendants, who are importers and wholesale distributors of genuine SWAROVKSI OPTIK-branded goods, would cause irreparable harm to Defendants.

53.    Plaintiff does not own a registration for or any rights in any SWAROVSKI OPTIK mark.

54.    A judicial declaration that Plaintiff does not own a registration for or any rights in any SWAROVSKI OPTIK mark is necessary and appropriate to resolve this controversy and to guard Defendants against future litigation by Plaintiff based upon Plaintiff's claimed trademark rights, and so that Defendants can ascertain their rights and duties with respect to use of the SWAROVKSI OPTIK mark in connection with their import and distribution of SWAROVKSI OPTIK-branded goods.

55.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Defendants requests a declaration by the Court that Plaintiff does not own a registration for or any rights in any SWAROVSKI OPTIK mark.

56.    This case is exceptional, and Defendants are entitled to an award of attorney fees under 15 U.S.C § 1117.

## SECOND COUNTERCLAIM
### (Malicious Abuse of Process under New Jersey Law)

57.    Defendants incorporate all preceding paragraphs as if fully set forth herein.

58.    Plaintiff had an ulterior motive in initiating this action.

59.    Plaintiff was motivated to limit Defendants' lawful distribution of SWAROVKSI OPTIK-branded goods in an effort to quell competition with Plaintiff's own sales of SWAROVKSI OPTIK-branded goods so that Plaintiff can maintain artificially higher prices in the U.S. market for the same goods.

60.    Plaintiff's request for relief further illustrates its ulterior motives. That is, Plaintiff asks this Court to permanently enjoin Defendants from, *inter alia*, using the SWAROVSKI OPTIK Marks, acquiring any products bearing the SWAROVSKI OPTIK Marks, and selling any products

bearing the SWAROVSKI OPTIK Marks. There is no basis in law or fact alleged in the First Amended Complaint for this Court to enjoin Defendants from the using a third-party SWAROVSKI OPTIK mark.

61.     As described herein, Plaintiff committed further acts after an issuance of process representing the perversion of the legitimate use of the process, including by deliberately and intentionally amending the allegations in its First Amended Complaint to include false, material allegations, which it knew or should have known were not true, and relying on its false, material allegations in opposition to Defendants' motion to dismiss, all of which constitute material misrepresentations to the Court.

62.     These actions by Plaintiff constitute coercive or illegitimate use of the judicial process for an improper motive, which has caused injury to Defendants.

63.     As a direct and proximate result of Plaintiff's acts as complained of herein, Defendants have and will continue to suffer great harm. Defendants will continue to be irreparably harmed unless Plaintiff is enjoined from any conduct tending to improperly quell competition with Plaintiff's own sales of SWAROVKSI OPTIK-branded goods.

64.     By reason of Plaintiff's willful and knowing conduct, Defendants have sustained and are entitled to recover actual, compensatory, and punitive damages, attorneys' fees, and the costs of this litigation.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request the following relief:

A.     A declaration, pursuant to 28 U.S.C. §§ 2201 and 2202, that Defendants' activities do not, under any theory, constitute false advertising in violation 15 U.S.C. § 1125(a) that Defendants are not liable for any statements made by a third-party retailer of Defendants'

SWAROVKSI OPTIK-branded goods, and that Plaintiff does not own a registration for or any rights in any SWAROVSKI OPTIK mark;

B.    A judgment that Plaintiff has engaged in malicious abuse of process under New Jersey law;

C.    An order preliminarily and permanently enjoining Plaintiff, its officers, agents, servants, employees, attorneys, successors and assigns, and all those persons in active concert or participation with any of them, to cease any conduct tending to improperly quell competition with Plaintiff's own sales of SWAROVKSI OPTIK-branded goods so that Plaintiff can maintain artificially higher prices in the U.S. market for the same goods;

D.    An award of all damages as Defendants have sustained as a result of Plaintiff's conduct as complained of herein, including an award of actual, compensatory, and punitive damages, attorneys' fees, costs, and interest of this litigation as provided for by law;

E.    A judgment pursuant to 15 U.S.C. § 1117 that this case against Plaintiff is an exceptional case and an award to Defendants of their reasonable attorneys' fees;

F.    Deny Plaintiff's requests for relief;

G.    Such other and further relief to Defendants as this Court may deem just and proper.

Dated: April 12, 2024

/s/ Darren M. Geliebter
Darren M. Geliebter
Antonio Papageorgiou (*pro hac vice*)
Eric J. Huang (*pro hac vice*)
**LOMBARD & GELIEBTER LLP**
230 Park Avenue, 4th Floor West
New York, NY 10169
(212) 520-1172 (telephone)
(646) 349-5567 (facsimile)
dgeliebter@lombardip.com
ap@lombardip.com
ehuang@lombardip.com

*Attorneys for Defendants iBuy Group LLC and iBuy Distribution LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Answer and Counterclaim was electronically filed and served upon all counsel of record via CM/ECF on this 12th day of April 2024.

/Darren M. Geliebter/
Darren M. Geliebter