**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SWAROVSKI OPTIK NORTH AMERICA LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>IBUY GROUP LLC f/k/a VALOR GROUP LLC; and IBUY DISTRIBUTION LLC f/k/a F & E TRADING LLC d/b/a 6 TH AVE ELECTRONICS,<br><br>Defendants. | Civil Action No. 23-01210 (GC) (TJB)<br><br>**MEMORANDUM OPINION** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court upon Plaintiff Swarovski Optik North America Limited's Motion to Dismiss Defendants iBuy Group LLC and iBuy Distribution LLC's Second Counterclaim (ECF No. 64) pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6). Defendants opposed and Plaintiff replied. (ECF Nos. 66 & 69.) The Court has carefully reviewed the parties' submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Plaintiff's Motion is **GRANTED**.

I.  **BACKGROUND**[1]

On March 2, 2023, Plaintiff filed a two-count Complaint against Defendants, seeking injunctive relief and monetary damages for trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1125(a),[2] and deceptive trade practices under New Jersey's Consumer Fraud Act, N.J. Stat. Ann. §§ 56:8-1, *et seq.*, related to Defendants' sale of products bearing the "SWAROVSKI OPTIK" mark. On May 12, 2023, Defendants filed a Motion to Dismiss Plaintiff's Complaint. (ECF No. 19.) In lieu of opposing the Motion to Dismiss, on May 31, 2023, Plaintiff filed its First Amended Complaint (FAC). (ECF No. 23.)

Thereafter, Defendants moved to dismiss the FAC for failure to state a claim and for lack of subject-matter jurisdiction, (ECF No. 35), which the Court denied, (ECF No. 46). Defendants then filed their Answer and asserted two counterclaims. (ECF No. 59.) Plaintiff now moves to dismiss only Defendants' Second Counterclaim, which alleges malicious abuse of process under New Jersey law. (ECF No. 64.)

Defendants contend that Plaintiff filed this action to "quell competition with Plaintiff's own sales of SWAROVKSI OPTIK-branded goods so that Plaintiff can maintain artificially higher prices in the U.S. market for the same goods." (ECF No. 59 at 21 ¶ 59.[3]) Defendants thus allege that, after initiating this action, Plaintiff committed "further acts" which constitute a malicious abuse of process, specifically that Plaintiff "deliberately and intentionally amend[ed] the allegations in its [FAC] to include false, material allegations, which it knew or should have known

---

[1] On a motion to dismiss under Rule 12(b)(6), the Court accepts as true all well-pleaded facts. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

[2] The Court has federal question jurisdiction pursuant to 28 U.S. Code § 1331.

[3] Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

were not true, and rel[ied] on its false, material allegations in opposition to Defendants' motion to dismiss." (*Id.* at 22 ¶ 61.)  Defendants compare allegations in Plaintiff's initial Complaint with those in the FAC, alleging that "Plaintiff deleted its allegations in the initial Complaint that Defendants' . . . goods were genuine SWAROVSKI OPTIK-branded products 'designed and intended for resale to international markets', and replaced that with a contrary allegation that Defendants' products 'are non-genuine products of unknown foreign origin.'" (*Id.* at 17 ¶ 36.)  Finally, Defendants allege that Plaintiff "knew or should have known that the products distributed by Defendants are genuine SWAROVSKI OPTIK products." (*Id.*)

## II.   STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim upon which relief can be granted, courts "accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and assess whether the complaint and the exhibits attached to it 'contain enough facts to state a claim to relief that is plausible on its face.'"  *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (quoting *Watters v. Bd. of Sch. Dir. of City of Scranton*, 975 F.3d 406, 412 (3d Cir. 2020)).  "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022) (quoting *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019)).  When assessing the factual allegations in a complaint, courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements."  *Wilson*, 57 F.4th at 140 (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 903 (3d Cir. 2021)).  The defendant bringing a Rule 12(b)(6) motion bears the burden of "showing that a complaint fails to state a claim."  *In re Plavix Mktg., Sales Pracs. & Prod. Liab. Litig. (No. II)*, 974 F.3d 228, 231 (3d Cir. 2020) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016)).

## III. DISCUSSION

Plaintiff moves to dismiss only Defendants' counterclaim for malicious abuse of process. (*See* ECF No. 64.) "An action for malicious abuse of process 'lies for the improper, unwarranted, and perverted use of process after it has been issued . . . [*i.e.*], the employment of a process in a manner not contemplated by law.'" *Galbraith v. Lenape Reg'l High Sch. Dist.*, 964 F. Supp. 889, 897 (D.N.J. 1997) (alterations in original). "Bad motives or malicious intent leading to the institution of a civil action are insufficient to support a cause of action for malicious abuse of process." *Id.* (quoting *Fielder Agency v. Eldan Const. Corp.*, 377 A.2d 1220 (N.J. Super. Ct. Law. Div. 1977)). To sustain their claim for malicious abuse of process, Defendants must establish two elements: "(1) [an] ulterior motive; and (2) [a] 'further act after the issuance of process representing the perversion of the legitimate use of the process.'" *Zebrowski v. Wells Fargo Bank, N.A.*, 657 F. Supp. 2d 511, 517 (D.N.J. 2009) (quoting *Tare v. Bank of Am.*, Civ. No. 07-583, 2009 WL 799236, at *7 (D.N.J. Mar. 24, 2009)).

Plaintiff contends that Defendants' malicious abuse of process counterclaim fails for three reasons. First, Plaintiff argues that it simply pursued its legal rights by filing the FAC. (ECF No. 64-1 at 5.) Second, Plaintiff claims that filing the FAC was not a "further act" as required to state a claim for malicious abuse of process. (*Id.* at 5-6.) Third, Plaintiff argues that Defendants' counterclaim fails because Plaintiff is protected by the litigation privilege. (*Id.* at 6.)

Defendants counter that the filing of the FAC was not, in and of itself, a further act, but argue that "Plaintiff's deliberate act of amending its Complaint to make false and material misrepresentations to the Court which it knows not to be true" constitutes a "further act" that satisfies the elements of an abuse of process claim. (ECF No. 66 at 10.) Defendants also argue that the litigation privilege does not apply here because of Plaintiff's "ulterior motive of harming Defendants' competitive position in the market." (*Id.* at 11-12.) The Court finds that Defendants

4

do not plausibly state a claim for malicious abuse of process, so the Court will dismiss Defendants' Second Counterclaim.

Here, there are no allegations of any "further acts" undertaken by Plaintiff. A party cannot state a claim for malicious abuse of process where "there is no allegation . . . of any further act after or other than the filing of the complaints and proceeding upon them." *Klesh v. Coddington*, 684 A.2d 530, 536 (N.J. Super. Ct. Law. Div.), *aff'd and remanded*, 684 A.2d 504 (N.J. Super. Ct. App. Div. 1996). Filing a complaint does not, in and of itself, constitute a "further act." *See, e.g.*, *Rutgers Cas. Ins. Co. v. Kennedy*, 2009 WL 3170860, at *5 (N.J. Super. Ct. App. Div. Sept. 30, 2009) ("Filing the complaint for the allegedly improper purpose of avoiding payment of a valid insurance claim does not satisfy the 'further act' requirement." (citation omitted)). Thus, Defendants' counterclaim for malicious abuse of process as currently pled fails because Plaintiff has simply instituted and prosecuted an action. *See, e.g.*, *Klesh*, 684 A.2d at 536; *Read v. Profeta*, Civ. No. 15-2637, 2017 WL 123438, at *6 (D.N.J. Jan. 11, 2017) ("[The plaintiff's] assertion in his complaint that [the defendant] stole his idea surely cannot constitute a 'further act' in furtherance of an ulterior, improper purpose; that accusation is the very gist of [the plaintiff's] legal claims; it is a factual allegation of the injury for which he seeks damages. [The plaintiff's] complaint is designed to submit to a finder of fact the proposition that the defendants misappropriated [the plaintiff's] intellectual property.").

Although Defendants try to frame Plaintiff's alleged misrepresentations concerning the authenticity of Defendants' products as "further acts," Defendants provide no persuasive authority in support of that position. (*See* ECF No. 66 at 7-8.) Defendants rely on *NVR, Inc. v. Davern*, where the court found that the defendant stated an abuse of process counterclaim based on the plaintiff's conduct in instituting and prosecuting an action. Civ. No. 15-5059, 2016 WL 7013459

5

(D.N.J. Nov. 30, 2016). But that case is readily distinguishable. The plaintiff there brought suit against the defendant for allegedly stealing documents containing proprietary information. *Id.* at *1. The defendant asserted a counterclaim for malicious abuse of process on the grounds that the defendant had already agreed to return the documents, essentially mooting the case prior to the plaintiff bringing suit. *Id.* at *5. The court agreed that the complaint itself satisfied the "process" requirement and that plaintiff's conduct in "continu[ing] to litigate [the] case in a manner inconsistent with any realistic potential damages recovery" satisfied the "further act" requirement because discovery had revealed that the plaintiff had not lost any sales or employees based on the defendant's conduct. *Id.*

Unlike in *NVR*, there is no allegation that Plaintiff already received the relief it now seeks (*e.g.*, to enjoin Defendants from selling SWAROVSKI OPTIK-branded products), and there is no indication that Plaintiff has litigated this case in a manner inconsistent with any potential damages recovery. To the contrary, the Court already considered and rejected Defendants' Motion to Dismiss the FAC and found that Plaintiff plausibly stated claims under the Lanham Act and the New Jersey Consumer Fraud Act. (*See* ECF No. 46.) Even if it is determined that Plaintiff's claims are unmeritorious, that is insufficient to sustain a claim for malicious abuse of process. *See Brennan v. Lonegan*, 2010 WL 5140448, at *2 (N.J. Super. Ct. App. Div. Dec. 20, 2010) ("To prevail in a malicious abuse of process claim, [the] plaintiff must show that the defendant committed a further wrongful act beyond merely filing an unmeritorious complaint.").

As another court in this district has observed, the *NVR* court "pushed malicious abuse of process very close to the line of malicious use of process," which is a separate tort that "may arise from the filing of an unfounded complaint." *See Read*, 2017 WL 123438, at *3 n.6, *5. Courts have closely scrutinized malicious abuse of process claims—including in cases involving business

6

competitors—because of their potential chilling effect. *See Izzo v. Twp. of Raritan*, Civ. No. 15-1262, 2017 WL 3816537, at *10 (D.N.J. Aug. 31, 2017) ("[T]he tort of malicious abuse of process is 'treated with great caution because of [its] capacity to chill resort to our courts by persons who believe that they have a criminal complaint or civil claim against another.'" (citation omitted)); *Read*, 2017 WL 123438, at *6 ("There can be no rule that a party who sues a business competitor has *ipso facto* committed a tort."). Defendants' counterclaim does not pass scrutiny under that standard, nor does it fall into the narrow set of circumstances presented in *NVR*. The Court finds Defendants' reliance on *Tedards v. Auty*, 557 A.2d 1030 (N.J. Super. Ct. App. Div. 1989) and *Ash v. Cohn*, 194 A. 174 (N.J. 1937) equally unpersuasive.

Even if the Court were to accept that Plaintiff's FAC and its opposition to Defendants' Motion to Dismiss contain material misrepresentations, Defendants' counterclaim still fails because those statements are protected by the litigation privilege. The litigation privilege "grants an absolute privilege to statements or communications made by attorneys in the course of judicial and quasi-judicial proceedings." *Baglini v. Lauletta*, 768 A.2d 825, 833 (N.J. Super. Ct. App. Div. 2001). To qualify under the litigation privilege, a statement must: "(1) be made in judicial or quasi-judicial proceedings; (2) be made by litigants or other participants authorized by law; (3) be made to achieve the objects of the litigation; and (4) have some connection or logical relation to the action." *Component Hardware Grp., Inc. v. Trine Rolled Moulding Corp.*, Civ. No. 05-891, 2007 WL 2177667, at *5 (D.N.J. July 27, 2007).

Here, Plaintiff's statements regarding the authenticity of Defendants' products meet all four elements. They were made in legal filings by Plaintiff in furtherance of its objectives in this litigation—among other things, enjoining Defendants' use of SWAROVSKI OPTIK's intellectual property. (*See, e.g.,* ECF No. 23 ¶¶ 24, 70 ("Defendants are selling non-genuine products of

7

unknown foreign origin bearing the SWAROVSKI OPTIK Marks. . . . By selling or distributing products using the SWAROVSKI OPTIK Marks as alleged herein, Defendants are engaging in unfair competition, false advertising, and/or falsely representing sponsorship by, affiliation with, or connection to SWAROVSKI OPTIK and their goods and services in violation of [the Lanham Act].").) *See Component Hardware Grp., Inc.*, 2007 WL 2177667, at *5 (finding that statements made by the plaintiff "in the [c]omplaint and in motions that followed" were made "to achieve its object of the litigation, which was to obtain an injunction against" the defendant and were therefore protected by the litigation privilege). As such, Plaintiff's statements in the FAC and its opposition to Defendants' Motion to Dismiss are protected by the litigation privilege. *See id.* ("[T]he statements that [the plaintiff] made to the court after filing the [c]omplaint and injunction application, even if they were material misrepresentations, were protected by [the] litigation privilege.").

Defendants claim that Plaintiff had "the ulterior motive of harming Defendants' competitive position in the market," and argue that Plaintiff's suit was merely pretextual. (ECF No. 66 at 7.) But Defendants only offer conclusory allegations in support of that contention. For example, despite the Court holding to the contrary, (*see* ECF No. 46 (denying Defendants' Motion to Dismiss)), Defendants allege that Plaintiff's claims lack a basis in law or fact, purportedly evidencing Plaintiff's pretextual motive to quell competition. (*See* ECF No. 23 ¶¶ 59-60.) Defendants' allegations are insufficient to overcome the litigation privilege, which New Jersey courts have recognized as "the backbone to an effective and smoothly operating judicial system." *Peterson v. Ballard*, 679 A.2d 657, 660 (N.J. Super Ct. App. Div. 1996) (citation omitted); *cf. NVR*, 2016 WL 7013459, at *4 (finding that where the defendant alleged specific facts supporting that the plaintiff brought an action which was essentially moot prior to filing, the "litigation privilege

8

[did] not apply to bar [the defendant's] counterclaims because [they were] premised on the theory that th[e] entire litigation [wa]s pretextual"). Dismissal of Defendants' Second Counterclaim is therefore warranted. *See Avaya, Inc. v. Cisco Sys., Inc.*, Civ. No. 10-5881, 2012 WL 2065536, at *7 (D.N.J. June 7, 2012) ("[I]n order to pass Rule 12(b)(6) muster, there must be allegations of an oppressive act performed to pervert the actual process itself.").

## IV.   CONCLUSION

For the foregoing reasons, and other good cause shown, Plaintiff's Motion to Dismiss Defendants' Second Counterclaim (ECF No. 64) is **GRANTED**. Defendants' Second Counterclaim is **DISMISSED** without prejudice. An appropriate Order follows.

Dated: November 6th, 2024

*Georgette Castner*
GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE